Lord v. The Chicago, Rock Island & Pacific Railway Company.

---

LORD v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

**Negligence**: RAILROADS: KILLING STOCK. In an action against a railroad for negligently running its train against and killing a cow, where the plaintiff only shows the injury and the passing of the train at a rate of twenty or twenty-five miles an hour along the place of the accident, which was over a tract of land inside of a village, midway between public thoroughfares 900 feet apart, he fails to make a case, and a demurrer to the evidence should be sustained.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*M. A. Low* for appellant.

The mere fact that a passenger train was run through the outskirts of a town, at a point where even the streets were 900 feet apart, and where, so far as the evidence shows, there were neither houses nor people, is not, of itself, negligence, or evidence from which negligence may be inferred. Aside from statutory or municipal regulation, no rate of speed is negligent *per se*. *Powell v. Railway Co.*, 76 Mo. 80; *Maher v. Railroad Co.*, 64 Mo. 267; *Bell v. Railroad Co.*, 72 Mo. 50, 61; *Wallace v. Railway Co.*, 74 Mo. 594; *Goodwin v. Railway Co.*, 75 Mo. 73. The rate of speed not being of itself negligent, and there being no other fact or circumstance tending to make it negligent, the court erred in refusing to declare, as a matter of law, that the defendant was not liable. There was no evidence tending to show when or how the cow went upon the track, or that defendant's employes saw, or could have seen it in time to save it; or that if they had been running slower they might have seen the cow in time to save it. *Wallace v. Railway Co.*, 74 Mo. 597. Even though the speed of the train was in itself negligent, still there was no evidence that it caused the injury. There was no necessary connection between the rate of speed and the injury to the cow. *Powell v. Railway Co.*, 76 Mo. 82.

*H. C. Hughes* for respondent.

The fact that defendant's train was running at a wanton and reckless rate of speed, in conjunction with the fact, so far as we know from the evidence, that it was through a populous portion of the city, and after dark, shows a reckless disregard of life in general, and constitutes negligence. *Isabel v. Railroad Co.*, 60 Mo. 482. There is sufficient connection between the negligence and the injury to the cow. One of the chief grounds of evidence is the known and experienced connection between collateral facts and circum-

stances satisfactorily proved, and the fact in controversy. Greenleaf's Ev., (6 Ed.) p. 17, § 13. Common experience goes far to show that the injury is the almost necessary consequence of the collateral facts proved and necessarily inferred.

PHILIPS, C.—This action was begun in a justice's court, in Clinton county, based on the following statement:

" Plaintiff states that on or about the 5th day of December, 1880, defendant did, in Lathrop township, in the county of Clinton, State of Missouri, by its agents, and engines and cars, negligently strike, beat, bruise, wound and kill one four-year-old cow, the same being the property of plaintiff, and reasonably worth the sum of $35, for which he asks judgment, with his costs in this suit expended." Judgment for plaintiff, from which the defendant appealed to the circuit court, with a like result. From that judgment he prosecutes this appeal.

On the trial of said cause, the plaintiff, to sustain the issues upon his part, offered evidence tending to prove that his cow, of the value of $35.00, was struck and killed in the village of Lathrop, and about 150 yards south of the north line of the section upon which said town is located, by a passenger train of the defendant, going north, after dark, on the evening of September 5th, 1880; that on the north line of Lathrop, about 150 yards north of where his said cow was struck and killed, there was a public crossing, and there was also another public crossing, about 150 yards south of where said cow was killed. Plaintiff against the objection of defendant, introduced evidence tending to show that the train in question did not stop at the station at Lathrop, but passed through at the rate of twenty or twenty-five miles an hour. This was all the evidence. Whereupon the defendant demurred to the evidence, which the court overruled, and the court, sitting as a jury, found the issues for the plaintiff and entered up judgment accordingly.

There was not evidence to support this verdict, and the court should have sustained the demurrer to the evidence. Neither the law of the land, nor the general statutes prescribe any rate of speed at which a railroad may run over its own right of way. The law exacts of those in charge of the trains running through towns and populous districts a greater degree of caution and circumspection than through the country, and this because of the greater peril to life and limb, both of the passengers entrusted to their safety and to the people presumably frequenting the passways over a railroad running through a town or city. But " the rule is that the company shall fix its own rate of speed as regards others than passengers, and the above are exceptional cases, each standing upon legislative enactment, or its own peculiar circumstances." *Maher v. Railroad Co.*, 64 Mo. 276. No rate of speed is *per se* negligence, in the absence of statutory or municipal regulation. Sherm. & Red. Neg. 478; *Goodwin v. Railroad Co.*, 75 Mo. 73; *Wallace v. Railroad Co.*, 74 Mo. 594; *Bell v. Railroad Co.*, 72 Mo. 50, 61; *Powell v. Railroad Co.*, 76 Mo. 80.

There was no necessary connection between the fact proved and the injury sought to be attributed thereto. There was no evidence that cattle were in the habit of frequenting this district of country, or that the servants of the railroad company knew of any such fact, if it did exist. There was no evidence that those in charge of the train saw the cow before or after she was killed, or that they might, with the exercise of due care, have seen her in time to prevent the injury. In short there was nothing shown by the plaintiff, save the injury and the passing of the train at the rate of twenty or twenty-five miles an hour, over a tract of land inside of a village midway, between public thoroughfares 900 feet apart.

There is no authority to support such a verdict, and it was the duty of the trial court to have so told the jury.

The judgment of the circuit court is, therefore, reversed and the cause remanded. All concur, except NORTON and SHERWOOD, JJ., absent.