ZENAS F. MILBURN, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 5, 1886.

1. RAILROADS—NEGLIGENCE—EVIDENCE LIMITED TO ISSUES—CASE ADJUDGED.—Where the negligence imputed to defendant, as the cause of the injury, was the negligent and careless running of the train by defendant's servants, the evidence should have been limited to this inquiry. But no negligence was imputable to defendant, under this complaint, for permitting grass or water at or near its track; there was no necessary or reasonable connection between this fact and the allegation of carelessness or negligence in running the train. Unless the engineer was guilty of culpable negligence after discovering the cow on the track, the plaintiff has no cause of action.

2. ——— INSTRUCTIONS—INFERENCES—CASE ADJUDGED. — Negligence cannot be predicated from the fact that the engineer saw, or might have seen, the cow near the track, as was done by the instructions in this case. It was not the duty of the engineer to stop his train or slacken its speed, or sound the alarm, merely because he saw, or might have seen, the cow grazing near the track. Otherwise trains could not make the necessary headway and form the necessary connections.

APPEAL from Clay Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action instituted in a justice's court, and tried, on appeal, in the circuit court.   It is to recover damages for the killing of plaintiff's cow by defendant's train of cars.   The allegation of the complaint, material to this decision, is, that "the defendant, by its agents and servants, while running its engine and cars upon its said railroad, did negligently and carelessly run over, strike, maim and kill with said engine and cars, certain cattle belonging to plaintiff, to-wit: one thoroughbred cow, of the value of three hundred dollars."

The evidence of plaintiff tended to show that the point of the accident was within the corporate limits of the town of Kearney, in Clay county; that the cow was running at large, and was grazing near the track of the railroad; and as defendant's freight train came along the cow ran upon the track, in front of the engine, and turning along the track, ran in front of the engine for one hundred or one hundred and twenty-five yards, when she was struck by the engine and killed.   The witness who testified to the collision was distant about one hundred and fifty yards from the point, and testified that he did not hear the bell rung nor the whistle sounded before the accident.

Among other matters stated by the witnesses was that there was blue grass along both sides of the railroad track where the cow was struck, and, also, pools of water, and that cattle were in the habit of coming there to graze and drink.   This was admitted in evidence over the objection of defendant.

The defendant's evidence tended to show that the cow was not seen by the engineer and fireman until she came upon the track immediately in front of the engine, and that there was not then time sufficient to enable the engineer to check his train and avoid the injury.

On this state of the proofs the court gave on behalf of plaintiff the following instructions to the jury:

"1. If the cow of plaintiff was struck and killed by an engine and cars operated by the agents and servants of defendant, in the town of Kearney, in Kearney township, Clay county, Missouri, at the time alleged in the petition, and at a point on its track where, from the presence of grass and water on or near defendant's right of way, cattle were in the habit of congregating, and defendant knew that fact, or, by the exercise of ordinary diligence, could have known it, and if defendant at the time of striking said cow was running its train at a rate of speed which, under the facts and circumstances, was dangerous, and in consequence thereof struck and killed plaintiff's cow, the defendant is liable, and the jury will find for the plaintiff, and assess his damages at the value of the cow as shown by the evidence."

"2. If the cow of the plaintiff was struck and killed by an engine and cars run and operated by the agents and servants of defendant, in Kearney township, Clay county, Missouri, at the time alleged in the petition, at a point on defendant's track where the track was level and straight, and the view not obstructed in any way, and if the servants of defendant at the time saw, or, by the exercise of ordinary care, could have seen said cow on or near defendant's track, in time to have avoided injuring her, without endangering persons or property entrusted to them for transportation, and failed to do so, then the defendant is liable, and the jury will find for the plaintiff, and assess his damages at the value of the cow as shown by the evidence."

The jury found the issue for the plaintiff, and from the judgment entered thereon the defendant prosecutes this appeal.

STRONG & MOSMAN, and THOS. E. TURNEY, for the appellant.

I. The injury having occurred in switch and town limits, plaintiff can only recover by proving actual negligence on the part of defendant. *Swearingen v. Ry.*

Co., 64 Mo. 73; *Wallace v. Ry. Co.*, 74 Mo. 594; *Young v. Ry. Co.*, 79 Mo. 336.

II.   The only negligence alleged is in operating the train, and the evidence should have been confined to that issue.   *Buffington v. Ry. Co.*, 64 Mo. 246; *Miller v. Ry. Co.*, 5 Mo. App. 380; *Waldhier v. Ry. Co.*, 71 Mo. 514.

III.   If it was negligence to fail to ring the bell or sound the whistle, it must be shown that one or both, or the speed of the train caused the injury.   *Holman v. Ry. Co.*, 62 Mo. 562; *Stoneman v. Ry. Co.*, 58 Mo. 503.

IV.   Plaintiff's instructions should not have been given.   One of them was outside the issues tendered by the statement; another of them was a misdirection, and none of the acts or omissions enumerated occasioned the injury.   *Young v. Ry. Co.*, 79 Mo. 340.   One of the instructions states a distinct and independent ground of recovery, and is not cured or affected by any of the instructions given in the case.

WILLIAM J. COURTNEY, and SIMRALL & SANDUSKY, for the respondent.

I.   Under a general allegation of negligence, any acts tending to prove negligence may be shown; and other actual negligence may be shown, or constructive negligence arising from failure to fence.   *Schneider v. Ry. Co.*, 75 Mo. 295; *Goodwin v. Ry. Co.*, 75 Mo. 73; *Calvert v. Ry. Co.*, 34 Mo. 242.   Also, under this general allegation of negligence, it may be shown that an animal was killed in the corporate limits of a city, that the city had an ordinance, and the ordinance was violated.   *Riley v. Ry. Co.*, 18 Mo. App. 385; *Robertson v. Ry. Co.*, 84 Mo. 119.

II.   The law holds that negligence is a relative term, and whether a given rate of speed is dangerous or not, under a given state of facts, is a question of fact for the jury.   *Frick v. Ry. Co.*, 75 Mo. 596; *Brown v. Ry. Co.*, 50 Mo. 467; *Whalen v. Ry. Co.*, 60 Mo. 323.   The evi-

dence was fairly submitted to the jury by the instructions, and they found for plaintiff.

III.   The instructions given on behalf of defendant were the converse of those given on behalf of the plaintiff.   The two series of instructions presented two theories which involved simply the decision of a question of fact, and this issue of fact was found for plaintiff.


Strong & Mosman, and Turney, in reply.

I.   None of the cases cited tend to support the position that the evidence objected to was admissible *under the statement*, while one of them (*Schneider v. Ry. Co.*, ·75 Mo. 295), is against it.   See *Grafton v. Ry. Co.*, 55 Mo. 590; *Schooling v. Ry. Co.*, 75 Mo. 518; *Waldhier v. Ry. Co.*, 71 Mo. 514.

II.   The jury were *misled* by the first instruction.


Philips, P. J.—The important question for determination is, whether the court erred in admitting the evidence touching the presence of blue grass and water on or near the defendant's track, and in giving the instruction referring to this fact.

It is quite manifest that the negligence imputed to defendant, as the cause of the injury, was the negligent and careless running of the train by defendant's servants. This was the sole issue, and the evidence, of course, should have been limited to this inquiry.   Under this issue, it was competent for plaintiff to have introduced evidence of any fact tending to show this negligence; such as that the bell was not rung, or the whistle sounded after the cow was discovered on the track, nor other effort made to avoid the collision, or that the train was running at a careless and reckless rate of speed at such time and place.   But no negligence was imputable to defendant, under this complaint, for permitting grass and water at or near its track.   There was no necessary or

reasonable connection between this fact and the allegation of carelessness and negligence in running the train.

It was competent, perhaps, for plaintiff to show the simple fact that cattle were in the habit of congregating at that point, provided the evidence went further and showed that this engineer knew of such fact; as the proof would bear upon the question of negligence in running the train at too great a rate of speed, if there was any competent proof of such speed.   The only evidence on the part of the plaintiff as to the rate of speed was, that "the train was running pretty fast."   The defendant's evidence was that it was running only at the rate of six or eight miles an hour.   The plaintiff's proof was too indefinite and intangible to support a verdict predicated on such fact.

It is sufficient to say that the law applicable to the facts of this case is covered by the ruling in *Young v. H. & St. J. Ry. Co.* (79 Mo. 336).   On the facts of this case the right of recovery must turn upon the single question : whether or not the engineer was guilty of culpable negligence, after discovering the cow on the track. If he was not, the plaintiff has no cause of action.

As the evidence to support this issue on plaintiff's part was meagre, it at once becomes apparent that the evidence respecting the grass and water attracting cattle near defendant's road probably performed an important part in influencing the verdict of the jury.   The direct reference to "the presence of grass and water on or near defendant's right of way," made in the first instruction, was well calculated to convey to the mind of the jury the impression that defendant had been somewhat remiss in its duty in permitting this grass and water to so remain to entice cattle hither.   It may have swung the verdict in plaintiff's favor.   It should not have been given.

II.   The second instruction is faulty in predicating negligence on the part of the engineer on the fact, if he saw or might have seen, by diligence, the cow *near* the

track.   This warranted the jury in inferring negligence from the fact that it was the duty of the engineer to stop his train, or to slacken its speed, or sound the alarm, merely because he saw, or might have seen, the cow grazing near the track.    This is not the law.    *Young v. Ry. Co.*, *supra*.

Trains could not make the necessary headway, and form the necessary connections, if they had to slacken the speed whenever they saw cattle grazing near the road; while the sounding of the whistle or bell might alarm the beasts, and likely have the effect of sending them in the very path of danger.    *Peoria Ry. Co. v. Champ*, 75 Ill. 578.

The other judges concurring, the judgment is reversed and the cause remanded.