22   593
65   363

BENJAMIN SLOOP, Defendant in Error, v. SAINT LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, June 14, 1886.

1. NEGLIGENCE—RAILROADS—INJURY TO STOCK—INSUFFICIENT EVI-DENCE.—In an action against a railroad for negligently killing plaintiff's stock, where the plaintiff only shows the injury and the passing of the train at the rate of twenty-five miles an hour, at the place of the accident, and it also appears that the whistle was sounded at the usual place, about three hundred yards from where the animals were killed, and there was no proof that the engineer had any knowledge that such animals frequented this locality, a *case is not made out*, and a demurrer to the evidence should be sustained.  *Lord v. Railroad*, 82 Mo. 139.

2. —— —— OBLIGATIONS OF AS TO SIGNALS, ETC.—RATE OF SPEED. In respect of such animals, near railroad tracks, at places other than the crossings of public highways, the railroad is under no ob-ligation to give any warning signals, or to slacken the speed of its train.   Nor can negligence be inferred *per se* from the rate of speed testified to in this case.

APPEAL from Schuyler Circuit Court. HON. ANDREW ELLISON, Judge.

*Reversed.*
VOL. XXII—38

The case and facts are stated in the opinion of the court.

George S. Grover, for the plaintiff in error.

I. It was not shown that defendant ever took possession of the property under the lease. The officer's return was not even *prima facie* evidence of such fact. *Austin v. Coal & Mining Co.*, 72 Mo. 535.

II. There was no proof of any negligent or careless management of either train. The collision was unavoidable, and it was impossible to stop the trains in time. For that reason the jury should have been instructed to find for the defendant. *Wallace v. Railroad*, 74 Mo. 594; *Lord v. Railroad*, 82 Mo. 139; *Harlan v. Railroad*, 18 Mo. App. 483; *Welch v. Railroad*, 20 Mo. App. 477.

III. The instructions given by the court assumed the existence of facts not in evidence, and were, therefore, erroneous. *Gerren v. Railroad*, 60 Mo. 405; *Insurance Company v. Seminary*, 52 Mo. 470; *Peck v. Ritchey*, 66 Mo. 114. The instructions asked by defendant, and *refused*, properly declared the law. Authorities cited, *supra*.

Shelton & Dysart, for defendant in error.

I. The proof shows that defendant took possession under the lease, and was operating the road at the date of the injuries complained of. Sects. 748, 749, Rev. Stat. ; *Phillips v. Elwell*, 14 Ohio St. 240; *Bruce v. Holden*, 21 Pick. 187; Wharton on Evidence (2 Ed.) 833; *Phillips v. Evans*, 64 Mo. 17.

II. That there was negligence and carelessness in the management of the trains, resulting in the injuries complained of, is clearly shown by the evidence. *Turner v. Railroad*, 78 Mo. 578; *Goodwin v. Railroad*, 75 Mo. 73; *Kendig v. Railroad*, 79 Mo. 494; Laws Mo., 1881, p. 79.

PHILIPS, P. J.—This is an action against the defendant railroad corporation for killing a sheep and hog, the property of plaintiff. The ground of recovery is the imputed negligence of defendant in running its train of cars upon the animals in the town of Queen City. It is not claimed that the injury occurred at a street crossing. The only evidence of negligence relied on by plaintiff is the following statement of witnesses:· The plaintiff testified to the fact that the sheep was found dead near the railroad track, under circumstances indicating it had been killed by a train of cars. He did not see the accident, but saw the train from a distance ; thinks it was running about twenty-five miles an hour ; and he heard no alarm. He made about the same statement respecting the hog, which was killed at a later day.

Another witness stated that he saw the accident. A drove of sheep started across the track in a run, as the train approached, and all got across save the one in controversy, which was caught and killed. This witness couldn't give the speed of the train ; but stated : ''The speed of this train was about the same as of every train, about as it usually runs ; it didn't slacken ; the whistle was sounded at the usual place below town, two or three hundred yards from where the sheep was killed, from the station.· I heard no whistle just before the sheep was struck. If sheep had been on the track at that point it could have been seen half a mile by the engineer; some of the sheep were near the track, about eight feet off ; there were no sheep on the track until the train got near them.''

As to the hog, this witness stated that it was killed near a coal chute ; the speed of the train was fast, but he could not state how fast. He heard the whistle of the train before it reached town, but heard none just before it struck the hog ; that the train was off, when he saw the hog, fifty or one hundred yards. He could not say the engineer saw the hog before he struck it.

"Hogs frequently dodge backward and forward across the track. You might look and see no hog on the track, and then look again and see one on the track. The hog was on the track but a moment before the train struck it." Other evidence tended to show that the speed of the train was about twenty-five miles an hour.

Defendant's engineer testified that he was running at the customary rate of speed, and that the whistle was sounding ; that he did not discover the animals until it was too late to avoid the injury. There was no proof that the engineer had any knowledge that such animals frequented this locality.

On this evidence the court should have directed the jury, as requested by defendant, to return a verdict for defendant. The facts of this case bring it clearly within the rule laid down in *Lord v. Railroad Co.* (82 Mo. 139), and *Milburn v. Railroad Co.* (21 Mo. App. 426).

In respect of such animals near railroad tracks, at places other than the crossings of public highways, the railroad is under no obligation to give any warning signals, or to slacken the speed of its train. *Young v. Railroad Co.*, 79 Mo. 336 ; *Milburn v. Railroad Co.*, *supra ;* *Peoria Railroad Co. v. Champ*, 75 Ill. 578. Nor can such negligence be inferred, *per se*, from the rate of speed testified to in this case. It was not unusual, according to plaintiff's own testimony. *Lord v. Railroad Co.*, *supra*.

Under circumstances like those disclosed by this record, no negligence was imputable to the engineer until after he discovered the animal on the track. The plaintiff's own evidence showed that these animals ran onto the track so near the engine that it was hardly possible for the engineer to have avoided the injury after he discovered the danger. Even without this statement of the witness, the obvious fact remains that the hog and sheep were struck while attempting to cross the track in front of the engine.

To hold the company responsible for such a collision

'would be to say that the engineer could have checked a train running at a speed of twenty-five miles an hour within the time it took the animal, in walking, to clear a space of five or six feet. There must be some limit in reason to such verdicts.

Another question is raised by the appellant respecting the sufficiency of the evidence to show that the railroad doing the injury was being operated and controlled by the defendant company; but as the plaintiff failed to show a cause of action against any party, it is unnecessary to discuss any other matter.

It is to be regretted that the plaintiff, who has lost his property, should suffer the additional burden of the costs of this litigation. But the courts cannot afford relief against law, and without proof.

The judgment of the circuit court must be reversed. It is so ordered. All concur.