F. J. Hoffman, Respondent, v. The Missouri Pacific
Railway Company, Appellant.

Kansas City Court of Appeals, February 8, 1887.

Railroad—Negligence—Liability for Killing of Stock—Case
Adjudged.—Where a horse got upon defendant's track, through
no fault of defendant, and at a point where defendant was not re-
quired to anticipate the presence of live stock, the railroad com-
pany's liability is *confined* to a failure on the part of its servants to
use ordinary care to avoid the injury, *after having discovered the
peril in which the animal was.* The defendant's servants were not
bound, at all hazards and in any event, to avoid an injury to the
horse.

Appeal from Johnson Circuit Court, Hon. Noah
M. Givan, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was for the recovery of damages on ac-
count of the negligent killing by defendant of the plain-
tiff's horse. The charge of negligence was, that "the
agents, servants and employes of defendant    *    *    *
could have and did for a long distance see said colt upon
defendant's track, and could have stopped the train in
time to have avoided injuring said colt."

The plaintiff's horse was permitted, not knowingly
or intentionally, by strangers to escape from the pasture
in which it was on to the defendant's railroad track
through a gate in the railroad fence, the railroad track
at that place being enclosed with fences, with gates
therein for the use of a farm crossing. The evidence
tended to show that the defendant's servants in charge
of the engine could have seen the horse on the track for
three-quarters of a mile, and that one of the persons
who let the horse onto the track upon seeing a train

approach went upon the track and attempted to attract the attention of those on the engine and cause them to stop the train by waving his hat, but, in vain. The train was not stopped, but was run on to the horse, breaking its leg which necessitated the killing of it.

The court gave the following instruction for the plaintiff:

"3. Although the jury may find from the evidence that the colt in question escaped and went upon defendant's track through the negligence of others, yet, if the injury to said colt could have been avoided after the employes learned of the danger in which said colt was, or might have learned of its dangerous situation by the use of reasonable diligence, then they must find for the plaintiff."

ADAMS & BOWLES, for the appellant.

I.   It was not shown that the injury was inflicted by defendant, or that defendant was operating the road on which it did occur. Hence there could be no recovery. *Gilbert v. Railroad*, 23 Mo. App. 65.

II.   It was necessary for plaintiff to show that the killing was the result of defendant's negligence, after its discovery of the animal on the track in a position of danger. *Lloyd v. Railroad*, 49 Mo. 199 ; *Swearingen v. Railroad*, 64 Mo. 73 ; *Wallace v. Railroad*, 74 Mo. 594; *Young v. Railroad*, 79 Mo. 336.

III.   The mere fact of the animal being killed on the railroad track, raised no presumption of negligence, and no negligence can be inferred therefrom. *Weir v. Railroad*, 48 Mo. 558 ; *Calvert v. Railroad*, 34 Mo. 242 ; *Wallace v. Railroad, supra.*

IV.   Before the company can be held liable in this case for a failure on the part of the engineer to slacken the speed of his train, it must appear that he could have done so with safety to the passengers and thereby have avoided injuring the colt and afforded it an opportunity of escape. The law does not require that a train should

be stopped, or even its speed slackened, as soon as an animal is discovered near the track, or even upon the track. *Railroad v. Trotter*, 37 Ark. 593; *Railroad v. Newman*, 36 Ark. 607; *Railroad v. Patchin*, 16 Ill. 198; *Brother v. Railroad*, 5 Rich. 55; *Railroad v. Ganote*, 13 Am. and Eng. R. R. Cases, 519; *Railroad v. Marriott*, 19 Am. and Eng. R. R. Cases, 509; *Sloop v. Railroad*, 22 Mo. App. 593; *Milburn v. Railroad*, 21 Mo. App. 426.

V. The plaintiff through the witness, Hebberling, having allowed the colt to go upon the railroad track in a position of great peril and at a time, too, when he knew a train was most liable to approach, was guilty of the grossest negligence, and he cannot now be heard to complain of an injury which was brought about by his own misfeasance. *Smith v. Railroad*, 34 Iowa, 506.

VI. The instruction asked by defendant at the close of the plaintiff's testimony in the nature of a demurrer to the evidence should have been given. In refusing to do so the court committed error.

A. B. Logan, for the respondent.

I. The evidence did show that the injury was inflicted by defendant.

II. It was shown that the killing was the result of defendant's negligence, after its discovery of the animal on the track, in a position of danger of being injured. *Kendig v. Railroad*, 79 Mo. 270; *Young v. Railroad*, 79 Mo. 336; *Berkley v. Railroad*, not yet reported; *White v. Railroad*, not yet reported. This question was fairly submitted to the jury by the instructions.

III. The engineer could have stopped the train with safety to the passengers and have avoided injuring the colt, and did stop it in a distance of two hundred feet after he struck the colt.

IV. The plaintiff was guilty of no negligence or misfeasance, and the escape of the colt from the enclos-

ure was without his knowledge. In any event, negligence cannot be imputed to plaintiff.

V. The instruction asked by defendant, by way of demurrer to the evidence, was properly refused, and judgment was for the right party.

HALL, J.—The horse got upon the defendant's railroad track through no fault of defendant, and got upon the railroad track at a point where the defendant was not required to anticipate the presence of live stock. We understand it to be the settled law of this state that in such a case the railroad company's liability is confined to a failure on the part of its servants to use ordinary care to avoid the injury *after having discovered the peril in which the animal was.* Wallace v. Railroad, 74 Mo. 594; *Young v. Railroad,* 79 Mo. 336; *Sloop v. Railroad,* 22 Mo. App. 593; *Milburn v. Railroad,* 21 Mo. App. 426; *Welch v. Railroad,* 20 Mo. App. 480.

The instruction given by the court improperly extended the defendant's liability to a failure on the part of defendant's servants in charge of the train to avoid the injury after they "learned of the danger in which said colt was, *or might have learned of its dangerous situation by the use of reasonable diligence.*"

Moreover, the defendant's servants, after having discovered the dangerous situation of the horse, were not bound, at all hazards and in any event, to avoid an injury to the horse. They were only required to use reasonable care so to do. This the court should have stated in the instructions. The jury might have well found from the evidence that the defendant's servants on the engine saw the horse, but we are unable to say that they did so find rather than that said servants could have seen the horse by the use of ordinary care. We cannot say, therefore, that the error in the instruction did no harm.

The judgment is reversed and the cause remanded. All concur.