D. O. RAVENSCRAFT, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. NEGLIGENCE—ACTION AT COMMON LAW—NECESSARY AVERMENTS. Where the action for negligence is at common law, as in this case, the plaintiff is not required to aver more than general negligence. But where the pleader sees fit to specify the grounds of negligence, he will be confined in his proofs to the facts thus specified.

2. ——— PRACTICE—INSTRUCTIONS—COURT SHOULD DECLARE WHAT CONSTITUTES, ETC.—Instructions are faulty which leave it to the jury to find, in a general way, what constitutes negligence. It is the province and duty of the court to tell the jury whether a given state of facts would constitute negligence under the pleadings.

APPEAL from Cass Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

ADAMS & BOWLES, for the appellant.

I. The petition in this case seeks to state a cause of action at common law, and not one under the statute. *Meyer v. Railroad*, 64 Mo. 542–44.

II. If it was intended to hold the defendant liable for a neglect to perform the statutory duty of giving the required signals of warning at a public road-crossing, such intention should in some manner have been expressed in the petition. It does not so appear in this case. *Meyer v. Railroad, supra; Kennayde v. Railroad*, 45 Mo. 255–58; *Hansberger v. Railroad*, 43 Mo. 196.

III. The court erred in admitting the testimony as

to the fact that corn was scattered along the track. No negligence was imputable to defendant, under this petition, from such fact, and there was no necessary or reasonable connection between this fact and the allegation of carelessness and negligence in running the train. *Milburn v. Railroad*, 21 Mo. App. 426, 430; *Miller v. Railroad*, 5 Mo. App. 471.

IV. The court erred in instructing the jury to find for plaintiff if they believed defendant failed to ring the bell, or sound the steam whistle on its engine, etc. (1) Because the injury did not occur at a public crossing. (2) Because the fact as to whether or not such signals were given, could not make the defendant liable in this case. *Meyer v. Railroad*, 64 Mo. 542; *Welch v. Railroad*, 20 Mo. App. 477; *Potter v. Railroad*, 18 Mo. App. 694.

V. It is the duty of the court to instruct the jury what particular acts constitute negligence. *Woolery v. Railroad*, 5 West. Rep. 667; *Manufact. Co. v. Ballou, Adm'r*, 71 Ill. 417.

VI. The instructions should limit the issues to those made by the pleadings. *Gessley v. Railroad*, 26 Mo. App. 126; *Abbott v. Railroad*, 83 Mo. 278; *Price v. Railroad*, 72 Mo. 416–17.

VII. The fact that animals are seen by those in charge of the train, or might have been seen by the exercise of due care, near a railroad track, at places other than the crossings of public highways, renders the railroad company under no obligation to give any warning signals, or to slacken the speed of its train. *Flannery v. Railroad*, 23 Mo. App. 120–26; *Sloop v. Railroad*, 22 Mo. App. 593–96; *Milburn v. Railroad*, 21 Mo. App. 426, 430; *Potter v. Railroad*, 18 Mo. App. 694; *Fitzgerald v. Railroad*, 18 Mo. App. 391; *Lord v. Railroad*, 82 Mo. 139, 142; *Young v. Railroad*, 79 Mo. 336; *Railroad v. Trotter*, 37 Ark. 593; *Railroad v. Newman*, 36 Ark. 607; *Railroad v. Champ*, 75 Ill.

578; *Railroad v. Barlow*, 71 Ill. 640; *Railroad v. Patchin*, 16 Ill. 198.

VIII. The evidence shows that the animals were around the depot as the train approached. They were not on the track, but near it. They were between the crossing and the depot. They started to cross the track just in front of the engine. We respectfully submit that this case is in all respects like the cases of Milburn, Sloop, and Lord, and very similar to many of the others cited *supra*, and that under any view the plaintiff has no standing in court.

GEORGE BIRD, for the respondent.

I. In a common-law action where the evidence shows that the servants of defendant, managing the train, failed to ring the bell or blow the whistle as it approached the crossing, a *prima facie* case is made out against defendant. *Taylor v. Railroad*, 83 Mo. 387, 390; *Turner v. Railroad*, 78 Mo. 578, 581.

II. Where the evidence shows that corn had been scattered along the track all winter so as to attract stock, a *prima facie* case is made out against defendant. *Schooling v. Railroad*, 75 Mo. 518; *Crafton v. Railroad*, 55 Mo. 580.

III. The petition contains a sufficient statement at common law to admit evidence of any acts of negligence on the part of defendant. *Schneider v. Railroad*, 75 Mo. 295; *Meyer v. Railroad*, 64 Mo. 542; *Mack v. Railroad*, 77 Mo. 232.

IV. The evidence that corn had been scattered along defendant's track all winter, so as to attract hogs, was properly admitted to establish negligence of defendant "in the management of its said road." *Schooling v. Railroad*, 75 Mo. 518, 520; *Crafton v. Railroad*, 55 Mo. 580.

V. Plaintiff tracked the hogs in the snow on to the crossing. The liability of defendant is fixed by the place where the hogs came upon the track, and not

where they were killed. *Ehret v. Railroad*, 20 Mo. App. 251 ; *Moore v. Railroad*, 81 Mo. 499, 503.

VI. The court, therefore, properly instructed the jury as to the liability of defendant, if they found, from the evidence, that it failed to either ring the bell or sound the steam whistle on its engine at intervals when at a distance of at least eighty rods from the public road-crossing. *Schneider v. Railroad, supra; Turner v. Railroad*, 78 Mo. 578.

VII. The judgment will not be reversed because erroneous instructions were given, unless the appellant was injured thereby. *Shepard v. Bank*, 15 Mo. 143, *Gobin v. Hudgens*, 15 Mo. 490 ; *Johnson v. Armdale*, 34 Mo. 338 ; *Walter v. Cathcart*, 18 Mo. 256 ; *Pasley v. Kemp*, 22 Mo. 409 ; *Otto v. Bent*, 48 Mo. 23 ; *Nance v. Metcalf*, 19 Mo. App. 183 ; *Gaty v. Sack*, 19 Mo. App. 470 ; *Terry v. Railroad*, 77 Mo. 254.

PHILIPS, P. J.—This action was begun in a justice's court. On appeal in the circuit court recovery was had by plaintiff on the second count of the statement, which is as follows :

" Plaintiff, for another and further cause of action, states, that, on or about the twenty-fifth day of January, 1885, the said defendant, while running its engine and train of cars over its said road, in said Polk township, by its agents, servants, and employes, and by the carelessness and negligence in the management of its said engine and cars, carelessly and negligently, with said engine and train of cars, struck, run over and killed two fine brood sows, the property of plaintiff, and killed one of them outright, of the value of twenty dollars, to plaintiff's damage in the sum of twenty dollars, and badly crippled and injured the other, to the damage of plaintiff in the sum of ten dollars, whereby, plaintiff sustained damages in the sum of thirty dollars, for which he asks judgment."

Plaintiff's evidence tended to show the following state of facts: That the hogs escaped from his inclosure, and went to the point of injury, on or near defendant's track. This was in the town of Strasburg. The collision occurred about midway between the depot and the public road-crossing, which is about forty feet east of the depot. The collision did not occur at the public road-crossing. Defendant's trains were not in the habit of stopping at this station. The one in question made no stop. It ran, probably, at the rate of twenty miles an hour at this point and time.

Against the objection of defendant, the plaintiff was permitted to prove that, after sounding the usual signal of approach to said station, the defendant did not sound the bell, or the whistle, on its engine in passing this point. Plaintiff was also permitted, over the objection of defendant, to introduce evidence tending to show that corn was suffered to remain on the track at this point, whereby such stock would be attracted thereto. The evidence showed that, as the train approached the station, these hogs were near the track, and passed, presumably, on to the track just as the engine approached.

At the conclusion of plaintiff's evidence, the defendant interposed a demurrer to the evidence, which was refused. The court, thereupon, at the plaintiff's instance, gave the following instructions to the jury:

"1. The court instructs the jury that if they believe, from the evidence, that plaintiff's hogs, mentioned in the first count of his petition, came upon the track of defendant's railroad, on or about the —— day of October, 1884, and were killed by defendant, through the negligent management of its road and cars, or either of them, or by the negligence or carelessness of defendant, in any manner, then you will find for the plaintiff."

"2. If the jury believe, from the evidence, that plaintiff's hogs, mentioned in the second count of this petition, came upon the track of defendant's railroad, at

a public road or street, and were killed, and that defendant did not ring the bell on its engine, at a distance of at least eighty rods from the place where the railroad crossed said road or street, and did not keep said bell ringing until it had crossed said road or street, or that defendant did not sound the steam whistle on said engine, at least eighty rods from the place where the railroad crossed said road or street, and failed to sound said whistle at intervals until its engine crossed said street, and that defendant allowed its said road to be strewn with grain and corn, so as to attract animals on its said road, or that said hogs were killed by the carelessness or negligence of defendant, in the management of its said road, or engine and cars, then you will find for the plaintiff."

The jury found for the plaintiff, on said second count, and for the defendant on the first. Defendant has appealed.

I. The action being one at common law, the plaintiff was not required to aver more than general negligence. "An allegation specifying the act, the doing of which caused the injury, and averring generally that it was negligently and carelessly done, will suffice." *Mack v. Railroad*, 77 Mo. 232. But where the pleader, in such case, sees fit to specify the grounds of negligence, he will be confined in his proofs to the facts thus specified. *Waldhier v. Railroad*, 71 Mo. 514; *Schneider v. Railroad*, 75 Mo. 296. In the count on which the plaintiff recovered, the imputed negligence is specifically declared to be "carelessness and negligence in the management of its said engine and train of cars." Under this allegation, it was competent for plaintiff to show that defendant failed to ring the bell or sound the whistle, provided such omission contributed to the injury complained of. *Schneider v. Railroad, supra; Goodwin v. Railroad*, 75 Mo. 73.

But the chief trouble to the plaintiff is, that the hogs were not injured at the crossing of any public high-

way. It is by reason of the statute that negligence is imputable to the defendant for failure to sound the signals, or one of them; and this pertains only to injuries occurring at the crossing of a public highway. Laws, Mo., 1881, sect. 1, p. 79. The engineer was not required to ring the bell, or sound the whistle, on merely discovering the hogs near his track. *Flannery v. Railroad,* 23 Mo. App. 126; *Sloop v. Railroad,* 22 Mo. App. 696; *Milburn v. Railroad,* 21 Mo. App. 430; *Lord v. Railroad,* 82 Mo. 142; *Young v. Railroad,* 79 Mo. 336. If the engineer discovered the presence of the hogs in such relation to his track as to have indicated, to a watchful and prudent person, in his situation, that they were about to, or would, likely, enter upon the track in front of his engine, it would have been his duty, after discovering the fact, to put forth every reasonable effort consistent with the safety of his train and the passengers, to avoid the collision. The evidence in this case did not show the inculpatory fact to make out a cause of action on this ground.

II. It was incompetent, under the allegations of the second count, to make any proof respecting the presence of corn on the railroad track. This was clearly outside of the imputed negligence, which was limited to the manner of running and managing the train.

III. The instructions, aside from the error in submitting to the jury the fact respecting the corn being on the track, are faulty in leaving it to the jury to find, in a general way, what constitutes negligence. The court should declare the law, and the jury should find the facts, it is true; but it is the province and the duty of the court to tell the jury whether a given state of facts would constitute negligence, under the pleadings. *Goodwin v. Railroad, supra; Camp Point M'f'g Co. v. Ballou,* 71 Ill. ——; *Woolery v. Railroad,* 5 West. Rep. 667.

The other judges concurring, the judgment of the circuit court is reversed and the cause remanded.