J. H. JEWETT, Respondent, v. THE KANSAS CITY, CLINTON AND SPRINGFIELD RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.  **Railroads:** KILLING STOCK : JURISDICTION OF JUSTICES' COURTS. Under section 2838, Revised Statutes, 1879, fixing the jurisdiction of justices' courts in actions against railroads for killing stock in the township. where the injury happened, or any adjoining township, where the action is brought in an adjoining township, plaintiff must allege and prove the township in which the injury, happened, and that the township in which the action is brought adjoins the township in which the injury happened; and where the record shows no evidence of such facts this court must hold there was no jurisdiction in the court below, and reverse and remand the cause.

2.  **Negligence:** TRESPASSING STOCK ENTITLED TO WHAT CARE. Where stock are trespassing and come upon the defendant's track neither at a public nor private crossing, but at a point where defendant's servants were not required to anticipate the presence of stock, defendant is only required to use ordinary care to ' protect them, *after* in fact discovering their peril, and it is *error* to instruct the jury that defendant was required to use such care, after it might have discovered such peril by the exercise of reasonable diligence.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *I. P. Dana*, for the appellant.

(1)   Plaintiff failed to prove that his animals were killed either in the township in which the suit was brought, or in an adjoining one, and therefore defendant's demurrer to the evidence should have been sustained. R. S. 1879, sec. 2839; *Mitchell v. Railroad*, 82

Mo. 106; *Backenstoe v. Railroad*, 23 Mo. App. 148; *Backenstoe v. Railroad*, 86 Mo. 492; *King v. Railroad*, 90 Mo. 520; *Wiseman v. Railroad*, 30 Mo. App. 516; *Kinion v. Railroad*, 30 Mo. App. 574; *Wright v. Railroad*, 25 Mo. App. 236; *Christian v. Wight*, 19 Mo. App. 169; *Stegman v. Berryhill*, 72 Mo. 309; *Allen v. Claybrook*, 58 Mo. 133; *Brandenburger v. Easley*, 78 Mo. 659. (2) Instruction number one was erroneous in permitting a recovery if defendant's servants, "by the exercise of reasonable diligence, might have discovered that said stock was in front of its engine." *Hoffman v. Railroad*, 24 Mo. App. 549; *Sloop v. Railroad*, 22 Mo. App. 596; *Benton v. Railroad*, 25 Mo. App. 161; *Grant v. Railroad*, 25 Mo. App. 231; *Brooks v. Railroad*, 27 Mo. App. 573; *Wallace v. Railroad*, 74 Mo. 597; *Welch v. Railroad*, 20 Mo. App. 480; *Judd v. Railroad*, 23 Mo. App. 64.

*W. D. Summers*, for the respondent.

(1) Jurisdiction was clearly proven, See the following. (2) Instruction numbered one on behalf of plaintiff, and instructions numbered five and six on behalf of defendant, clearly presented the law to the jury. *Kelley v. Ry. & Transit Co.*, 18 Mo. App. 155; s. c., 90 Mo. 314; *Williams v. Railroad*, 96 Mo. 281-2; *Donohue v. Railroad*, 91 Mo. 365; *Maher v. Railroad*, 64 Mo. 277; *Kelley v. Railrood*, 75 Mo. 140; *Harlan v. Railroad*, 65 Mo. 22; *Adams v. Railroad*, 74 Mo. 553; *Dahlstrom v. Railroad*, 96 Mo. 99; *Frick v. Railroad*, 75 Mo. 612.

GILL, J.—This is an action for damages, wherein plaintiff charges the defendant's agents and employes with negligently running a train of cars over a mare and mule colt belonging to the plaintiff. The plaintiff recovered below and defendant appeals.

The injuries are alleged to have been committed in Camp Branch township, where plaintiff resided on a farm, and the action was brought before a justice of the peace in Grand River township, which it is alleged adjoins said Camp Branch township.

It seems that plaintiff's farm is situated on both sides of the railroad, that his house, lots, etc., are on the north side, and the pasture on the south side, of the track. Late in the afternoon of July 22, 1887, plaintiff's son attempted to drive the two animals killed, with other stock, over and across the railroad company's right of way where there was a farm crossing; and while so doing these two animals escaped down the right of way, through high weeds adjacent to the track, and, passing westward some distance, entered upon the railroad track in front of one of defendant's trains, then passing. The mare and colt ran in advance of the train until overtaken and run over at a bridge, a short distance west. The negligence charged is that the employes in charge of the train had time to have stopped the same, after they discovered (or might by the exercise of ordinary care have discovered) the situation of the stock, so as to have averted the injury.

It is to be regretted we must reverse this cause, for one reason, among others, so very technical as that we are now about to mention. From the record of this case, which is now before us, we are bound to hold with the defendant's contention that there was no jurisdiction in the court below to try the cause. Section 2839, Revised Statutes, 1879, fixing jurisdiction of justices' courts, provides: "Any action against a railroad company, for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or any adjoining township." The plaintiff's complaint alleges the injuries to have been committed in Camp Branch township which, it is alleged, adjoined Grand River township,

while the record shows the suit was commenced before a justice of the peace in Grand River township. But there appears no evidence, whatever, at the trial of the cause, tending to prove either of such allegations.

It has been the uniform ruling in this state that these jurisdictional facts must be alleged and proved affirmatively, else the action must fail for want of jurisdiction in the justice to try the cause. *Mitchell v. Railroad*, 82 Mo. 106 ; *Wright v. Railroad*, 25 Mo. App. 236, and numerous other cases cited by defendant's counsel. The bill of exceptions presents this absurdity, to-wit: —Plaintiff was asked where he lived. *Answer*. "Camp Branch township." *Question*.—"Does it adjoin Camp Branch township?" *Answer*.— "Yes," etc. We have nothing to do but accept the record as it is. With us it imports absolute verity. *Christian v. Wight*, 19 Mo. App. 165. There is here an entire absence of testimony on both features of jurisdiction. First, plaintiff does not testify that the stock was killed in Camp Branch township ; does not show, as required by the statute, "the township in which the injury happened," nor, secondly, is there a scintilla of testimony to show that Camp Branch and Grand River are adjoining townships. We have no right to assume that, because plaintiff's residence is in Camp Branch township, the injuries were inflicted in that township, nor can we take judicial notice that Camp Branch and Grand River are adjoining townships. We are bound to accept the record as certified to us, without modification or amendment. *Stegman v. Berryhill*, 72 Mo. 307 ; *Allen v. Claybrook*, 58 Mo. 124 ; *Christian v. Wight*, *supra*.

Since this cause then must be reversed and remanded for a new trial, we deem it proper to refer to another error of the trial court, that it may be avoided at the subsequent hearing. The giving of plaintiff's instruction, number 1, was error, in that it imposed a duty on

defendant's employes to use reasonable efforts to avoid injury to the animals, not only after they *discovered* the stock upon the track, but as well after *they might have discovered the same on the track, in front of the engine, by the exercise of reasonable diligence, etc.* We italicize the objectionable feature of this ruling of the court. This is not of that class of cases where such a duty is imposed.

In cases where the animal (or person) is injured, when at a place where it has no right to be, and not reasonably to be expected—when it is there as a mere trespasser—the railroad company is only liable for failure to make reasonable exertion to avoid injury, after *discovering* the peril of the intruder. These animals got upon the track of defendant away from any public (*or even private*) crossing, some distance west of the farm crossing, and at a point where defendant's servants were not required to anticipate the presence of stock. They were then mere trespassers, and defendant was only bound to use ordinary care to protect the mare and mule *after discovering* the perilous position in which they were placed. *Hoffman v. Railroad*, 24 Mo. App. 546; and authorities cited in opinion by HALL, J. The distinction in the two lines of cases will be observed by consulting : *Keim v. Railroad*, 90 Mo. 314; *Donohue v. Railroad*, 91 Mo. 357; *Rine v. Railroad*, 88 Mo. 392. Judgment reversed, and cause remanded. All concur.