72  243
s86  347

GEORGE P. AVERILL, Respondent, v. SANTA FE
RECEIVERS, Appellants.

Kansas City Court of Appeals, November 22, 1897.

1. RAILROADS: KILLING STOCK: REASONABLE OUTLOOK: UNFENCED TRACK.
While a railroad in running its trains where its track is unfenced and
animals are liable to stray thereon, should keep a reasonable lookout
to discover such animals in time to prevent injuring them, yet, where
it is not reasonable to anticipate such animals, the company is only
liable for negligent failure to avert injury after the danger is actually
discovered.

2. ———: ———: ———: ———: CITY ORDINANCE. So where the track
is unfenced in the limits of an incorporated city, which by ordinance
forbids animals running at large, the mere fact that the peril of cattle
on the track might have been seen is not evidence of lack of ordinary
care so as to make the company liable.

3. ———: ———: BETWEEN CROSSINGS: CARE. The danger of collisions
at points between street crossings is not the same as at such crossings,
and the same care is not required at the former as at the latter places.

4. ———: ———: EVIDENCE. Where the situation of animals on the
track may easily be seen from a distance amply sufficient to avoid the
danger, evidence of such fact should send the case to the jury to de-
termine whether the railroad's employees did actually see such stock.

*Appeal from the Carroll Circuit Court.*—HON. J. T.
MORRIS, Special Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop, Hale & Whiteman* and *S. W.
Moore* for appellants.

(1) Instruction number 2 given for plaintiff was
erroneous in that it made the defendants liable if they
might have seen the animal in time to prevent a colli-
sion. *Hoffman v. R'y*, 24 Mo. App. 546; *Brooks v. R'y*,
27 Mo. App. 573; *Jewett v. R'y*, 38 Mo. App. 48;

*Welch v. R'y,* 20 Mo. App. 477; *Wallace v. R'y,* 74 Mo. 594.    (2) Instruction number 2 given for plaintiff was erroneous in making defendants liable for a failure to exercise ordinary care, when in fact it was only liable for gross and wanton negligence.    *Windsor v. R'y,* 45 Mo. App. 123, and cases cited.    (3) There is no evidence of negligence in the record, and the court should have given an instruction to find for the defendants.    *Sloop v. R'y,* 22 Mo. App. 593; *Young v. R'y,* 79 Mo. 336; *Milburn v. R'y,* 21 Mo. App. 426; *Peoria v. R'y,* 75 Ill. 578; *Warren v. R'y,* 59 Mo. App. 367; *Prior v. R'y,* 69 Mo. (215) 218.

*Virgil Conkling* and *Russel Kneisley* for respondent.

(1) The running of defendants' train through the corporate limits of Carrollton at forty miles per hour, in violation of the six mile ordinance, was negligence *per se,* and that, too, of the most gross and wanton character. *Pike v. Eddy,* 53 Mo. App. 509; *Gass v. R. R.,* 57 Mo. App. 580; *Hanlon v. R'y,* 104 Mo. 387; *Dahlstrom v. R'y,* 108 Mo. 539; *Gratiot v. R'y,* 116 Mo. 463.    (2) The cow was at a point on the railroad not fenced between two street crossings, and only one hundred and fifty feet from the first crossing.    She could have been seen by the engineer and fireman one half mile away.    In such case the failure to exercise ordinary care to discover her danger constituted negligence. *Kendig v. R'y,* 79 Mo. 208; *Hill v. R'y,* 49 Mo. App. 520; *Hill v. R'y,* 121 Mo. 478; *Hill v. R'y,* 66 Mo. App. 184.    (3) Although plaintiff's cow may have been running at large in violation of an ordinance, yet this would not relieve defendants of their liability for failure to exercise ordinary care.    *Davies*

*v. Mann,* 10 Mees. & W. 545; *Trow v. R. R.,* 24 Vt. 488; *Adams v. Ferry Co.,* 27 Mo. 95.

ELLISON, J.—This action is for killing a cow by striking her with one of defendant's engines attached to a train of cars. The killing was at a place within the corporate limits of the town of Carroll-ton, at a point where the defendant could not fence its tracks. There was an ordinance in force in said town prohibiting cattle from running out. The plaintiff had turned the cow at large that she might go alone to get water at a pond near by. She had been at large near one hour when struck.

STATEMENT.

There was also an ordinance of said town prohibiting the running of trains within the corporate limits at a rate of speed exceeding six miles per hour. The evidence tended to show that if defendant's servants in charge of the engine had been on the lookout for cattle they could have discovered the cow in time to have averted striking her. The court gave for plaintiff the following instructions:

"If the jury believe from the evidence that the servants and agents of defendants in charge of its engine and train, by the exercise of ordinary care could have discovered the danger to plaintiff's cow in time to have avoided any injury to her by the exercise of ordinary care, and that they negligently and carelessly failed to avoid such injury, and in consequence thereof they struck and mortally wounded said cow with said engine, then the jury will find for the plaintiff in the sum of the reasonable value of said cow, less the amount plaintiff may have received for her hide; the whole not to exceed the sum of forty dollars."

It is the ruling of the supreme court, approving *Hill v. R'y,* 49 Mo. App. 534, "that a railroad company

owes the duty, in running its trains at places where its track is not fenced and where animals are

RAILROADS: killing stock: reasonable outlook: unfenced track.

liable to stray upon its track, to keep a reasonable lookout with a view of discovering any animals that may so stray upon its track in time to prevent running over and killing or injuring them." And if its servants do not perform this duty and an injury happens in consequence of the neglect, the company will be liable. *Hill v. R'y*, 121 Mo. 477. It had been formerly held by the supreme court that the duty of the company only arose *after* discovering the peril of the animal. *Young v. R'y*, 79 Mo. 341; *Wallace v. R'y*, 74 Mo. 597. The difference in the holdings being that under the *Hill* case the company is liable even though its servants did not see the animal, if by ordinary care they *might* have seen it in time to have averted the accident.

But it will be noticed that the place where the servants must keep a lookout with a view of discovering animals is a place where animals are *liable* to stray upon the track. If the place is such that it is not reasonable to anticipate that animals may be upon, or come upon the track, the railway company is only liable for negligent failure to avert the injury *after* its servants have actually discovered the danger. This is clearly shown to be the law in *Hoffman v. R'y*, 24 Mo. App. 546, and *Jewett v. R'y*, 38 Mo. App. 48, and authorities cited. The *Hill* case, *supra*, but confirms this view as will be seen by the foregoing quotation. See, also, *Hill* case, 66 Mo. App. 184. It was a mistake to include the *Hoffman* case just cited, as reason for certifying the *Hill* case to the supreme court, since under the facts in the *Hoffman* case it declared the law as then and now understood.

The question before us then comes to this: There being a local statute prohibiting cattle from running at

large in Carrollton, ought the defendant's servants to be held to reasonably expect that cattle would be running at large in that town? We think not. It should not be announced that one must reasonably expect cattle owners to defy or disregard the law. The defendant's servants had a right to presume that cattle were not at large until they learned the contrary. "A railway company is not under the same obligations of care touching cattle, which are on its track in violation of the law prohibiting them from running at large, as they are in regard to cattle which are on the track where it is neither the duty of the railroad company to fence, nor the duty of the owner to restrain the cattle." *Windsor v. R'y*, 45 Mo. App. 123, and cases cited. It will be noted that in the case last cited the judges of the St. Louis court of appeals were divided in opinion as to the *degree* of care the railway servants should exercise in cases where cattle were at large contrary to law. The majority held to the view that there must be gross or wanton negligence, while the minority held that lack of ordinary care was sufficient. But that division of opinion need not be noticed here, since we hold, in view of the ordinance aforesaid, that the mere fact that defendant's servants might have seen the peril of the cow if they had been on the lookout, is not conclusive evidence of lack of ordinary care, much less of wanton negligence. It follows therefore that plaintiff's instruction set out above should not have been given. .

Some stress is laid upon the fact that the cow was killed between street crossings, about one hundred and fifty feet from one of these crossings. We do not see how that fact can affect the point herein considered and decided. She would have been at large in violation of the ordinance if she had been on the track at a street crossing.

The fact that she was at large in violation of law remains, no matter at what point. It is true that the company's servants would be held to the duty of keeping a lookout for animals at crossings in charge of someone. But the same danger of collision is not to be apprehended from an animal in charge of someone, being taken from one point to another, as if it is running at will; and therefore, naturally, the same care to avoid a collision is not to be expected.

If the evidence on another trial tends to show that the cow was in a dangerous or perilous situation which could easily have been seen by anyone on the engine a distance amply sufficient to have avoided the injury, such evidence should be submitted to the jury as tending to show that defendant's servants *did actually* see her. It is common knowledge that persons in charge of an engine, speeding over the track, keep a lookout ahead in the direction the engine is running. If one in charge of an engine could see an object which was in his plain view if he looked, that fact is sufficient for a jury to reasonably base the inference that he did see the object.

The judgment will be reversed and the cause remanded. All concur.