SAMUEL J. BROOKS, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1887.

RAILROADS—KILLING OF STOCK—RULE AS TO LIABILITY—CASE ADJUDGED.—Where an animal, through no fault of the railroad company, gets upon the railroad track, at a point where the defendant is not required to anticipate the presence of the animal, the railroad company's liability is confined to a failure on the part of its servants to use ordinary care to avoid the injury, after discovering the peril in which the animal is.

APPEAL from Clay Circuit Court, HON. DEWITT C. ALLEN, Special Judge.

*Reversed and remanded.*

Statement of case by the court.

This was a common-law action, for damages, on account of the killing of plaintiff's steer by the negligence of defendant's agents and servants in operating one of its trains of cars.

The animal in suit, together with ninety-nine others, was being driven across the defendant's railroad tracks, the main and two switch tracks, in the town of Liberty, about one hundred yards from the defendant's depot, to the defendant's stock-yards, for the purpose of having the cattle shipped on the defendant's railroad, when the animal was struck by a construction train of defendant, consisting of an engine and fourteen cars, which was being backed on the main track. The cattle were in charge of the plaintiff. There was no evidence that those in charge of the train had reason to expect or anticipate the presence of the cattle on the track. The cattle were not in the crossing of a public road.

The only instruction given by the court was the following instruction given for the plaintiff :

"If the jury believe, from the evidence, that the plaintiff was the owner of the steer in controversy, and that it was crippled and injured in Liberty township, Clay county, Missouri, by the carelessness and negligence of defendant's servants in operating the train, they will find for the plaintiff, and assess his damages at such sum as they believe, from the evidence, the plaintiff has sustained. Negligence is the lack of such care and caution as men of common sense and prudence generally exercise under like circumstances, and if the defendant's agents in charge of the train run its engine or cars upon or over plaintiff's steer, and if such injury could have been avoided by the exercise of reasonable care on their part, then the defendant is liable."

THOS. E. TURNEY and STRONG & MOSMAN, for the appellant.

I.  The court erred in giving the instruction prayed by the plaintiff for these reasons : (a) It refers the whole question as to what constitutes care or negligence, to the jury, without directions as to what facts, if found by the jury, from the evidence, would authorize a finding against defendant. This was error. *Goodwin v. Railroad,* 75 Mo. 73 ; *Yarnell v. Railroad,* 75 Mo. 576, 580 ; *Boogher v. Neece,* 75 Mo. 383 ; *Turner v. Railroad,* 76 Mo. 261 ; *Jordan v. Hannibal,* 87 Mo. 673-8 ; *Albert v. Besel,* 88 Mo. 150. (b) This instruction does not declare plaintiff's right to recover to be dependent upon absence of contributory negligence on his part. This was error often condemned. *Gibson v. Railroad,* 76 Mo. 282 ; *Sullivan v. Railroad,* 88 Mo. 169. The case began before a justice, and this issue was made by operation of law. (c) Testimony given on plaintiff's behalf established contributory negligence by him, which is a bar to his complaint. *Isabel v. Railroad,* 60 Mo. 475 ; *Maher v. Railroad,* 64 Mo. 267 ; *Scoville v. Railroad,* 80 Mo. 434 ; Wood on Law of Railways, p. 1550. "If his proof shows that his own negligence directly contributed to produce the injury, he disproves the case alleged." *Milburn v. Railroad,* 86 Mo. 109 ; *Buesching v. Gas Co.,* 73 Mo. 229 ; *Grubble v. Sioux City,* 38 Iowa, 390 ; *Lawrence v. Railroad,* 42 Wis. 322 ; *Bennett v. Railroad,* 19 Wis. 145 ; *Railroad v. Fisher,* 27 Ind. 96 ; *Railroad v. Huber,* 42 Ind. 173 ; *Railroad v. Wendt,* 12 Neb. 80 ; *Railroad v. Phillippi,* 20 Kan. 9 ; *Smith v. Railroad,* 34 Iowa, 506 ; *Callahan v. Warne,* 40 Mo. 131. This instruction implied that the jury might indulge the conjecture that defendant's servants, after the cattle were exposed to danger, "might have become aware thereof by the exercise of ordinary care," and in failing to do so, were negligent. This is precisely what was condemned in *Rine v. Railroad* (88 Mo. 400).

II.   Defendant's demurrer to the case, by plaintiff's evidence, should have been given.   It made out negligence of plaintiff contributory to the injury.   *Isabel v. Railroad, supra,* and cases cited under point I.   Plaintiff's cattle were not at a public crossing.   *Isabel case, supra; Maher case, supra; Milburn v. Railroad,* 86 Mo. 109.

III.   Plaintiff's evidence established that defendant's servants were not guilty of negligence, after they saw the cattle on the track.   They did everything in their power to prevent the injury.   *Rine v. Railroad,* 88 Mo. 392 ; *Smith v. Railroad,* 37 Mo. 287 ; *Bemis v. Railroad,* 42 Vt. 375; *Darling v. Railroad,* 121 Mass. 118; *Hoffman v. Railroad,* 24 Mo. App. 546.

IV.   This is a common-law action, and not for failure to perform a statutory duty.   Evidence as to the city ordinance, and neglect of the duties therein enjoined, was irrelevant.   It was error to admit it over the defendant's objection.   *Potter v. Railroad,* 18 Mo. App. 694. The ordinance was not pleaded.   The cattle were not crossing at a place where, by law, defendant was required to ring a bell or sound a whistle.   *Potter case, supra; Rine v. Railroad,* 88 Mo. 392.

V.   The court erred in refusing instruction asked by defendant at the close.   Cases cited, *supra.*   It erred in overruling the motion for a new trial.   Cases cited, *supra.*   Since the evidence failed to show negligence of defendant after becoming aware of the danger, and since it also appeared from evidence for plaintiff that he contributed directly, by his own negligence, to the injury, the judgment ought to be reversed, and it should not be remanded.

SIMRALL & SANDUSKY, for the respondent.

I.   The instruction given for plaintiff was correct. *McPheeters v. Railroad,* 45 Mo. 22 ; *Kendig v. Railroad,* 79 Mo. 209 ; *Rine v. Railroad,* 88 Mo. 399.

II.   This was a common-law action for negligence, and the ordinance was properly admitted. *Robertson v. Railroad*, 84 Mo. 119.   The charter of the city of Liberty is a public act, and the ordinance was a proper exercise of its police power.   Session Acts 1861;   art. 7, sect. 9, Charter.

III.   There was no evidence of contributory negligence.   The defendant asked no instruction on contributory negligence for the reason that there was no evidence to base it on.

THOS. E. TURNEY and STRONG & MOSMAN, in reply.

I.   In *Kendig v. Railroad* (79 Mo. 207), there was but one fact in issue—whether the cattle came upon the track so near the engine that it was impossible to stop it before striking them.   The court in that case did tell the jury what fact would constitute negligence.   "What constitutes negligence or care is for the court; whether it exists in a given case is a question of fact for the jury." *Yarnall v. Railroad*, 75 Mo. 583.   In this case, the instruction would be no more objectionable if it told the jury that if, under all the circumstances of the case, they believed the plaintiff ought to recover, they would return their verdict accordingly.   That the court abdicated its functions, and submitted all questions to the jury, is apparent from a mere reading of the instructions.   And not this only—it ignored the question of contributory negligence, which defence was clearly made in the cross-examination of plaintiff's first witness.

II.   There was evidence of contributory negligence. Brooks, on cross-examination, said: "I know where the usual crossing-place is; we crossed about twenty yards west of the usual crossing-place."   It certainly is negligence, in any case, to drive one hundred steers on a railroad track not at a crossing.   But this was done in this case without even looking for trains coming from the east.   While Brooks says he looked for trains, he says

also, that from the point from which he looked trains could not be seen coming from the east. This being the testimony of plaintiff's witness, the defendant's instruction should have been given.

Hall, J.—In *Wallace v. Railroad* (74 Mo. 595), an action such as this, for the killing of a colt within the corporate limits of the city of Poplar Bluff, near the defendant's coal-shed and depot, an instruction, substantially the same as the instruction in the present case, was given. The instruction was held "faulty in failing to tell the jury that the defendant was liable if it failed to use proper diligence and endeavors to avoid the injury *after discovering the animals on the track.*" This case has since been frequently followed. The rule is that, where an animal, through no fault of the railroad company, gets upon the railroad track at a point where the defendant is not required to anticipate the presence of the animal, the railroad company's liability is confined to a failure on the part of its servants to use ordinary care to avoid the injury after discovering the peril in which the animal is. *Hoffman v. Railroad*, 22 Mo. App. 549. The instruction in this case was faulty in not so confining and limiting the defendant's liability.

Judgment reversed and cause remanded.