C. W. Buster, Respondent, v. The Hannibal & St. Joseph Railway Company, Appellant.

Kansas City Court of Appeals, July 6, 1885.

Negligence—Case Adjudged.—A case in which the facts in evidence, and outlined in the opinion, are *held* to support the verdict, the instructions also being fair and appropriate.

Appeal from Clay Circuit Court, Hon. Geo. W. Dunn, J.

*Affirmed.*

The facts are sufficiently set forth in the opinion of the court.

T. E. TURNEY and STRONG & MOSMAN, for appellant.

I. The injury sued for occurred at a public road crossing, and as it is admitted that the whistle was sounded, recovery can only be had for actual negligence. *McPheeters v. R. R.*, 45 Mo. 22.

II. The instructions given for plaintiff and by the court of its own motion were not warranted by the evidence; the instructions, in effect, told the jury that they were at liberty to infer negligence from the facts proved. "It is not sufficient for the plaintiff to prove that he has suffered loss by the act of defendant; he must also prove that the defendant in such act or omission violated a duty resting upon him." Sherman & Redfield on Negligence (2d Ed.) sect. 13.

III. The instructions prayed by defendant state the law of the case correctly, and should have been given (referring to the diligence required of defendant in managing its trains). *Wallace v. R. R.*, 74 Mo. 594; *Young v. R. R.*, 79 Mo. 336; *Bell v. R. R.*, 72 Mo. 57.

C. W. FREEMAN and SIMRALL & SANDUSKY, for the respondent.

I. The demurrer to evidence was properly overruled by the court. Defendant admits the evidence tended to prove the facts charged. In such case it is error to take it from the jury. *Moody v. Deutch*, and *Smith v. Hutchinson*, supreme court of Missouri, April term, 1885, not yet reported; *McFarland v. Bellows*, 49 Mo. 312; 76 Mo. 178.

II. There was ample evidence to warrant the court in giving the case to the jury. *Cadmus v. St. L. & C. R. R.*, 18 Cent. L. J., No. 5, p. xiii, app'x.

III. The instructions given by the court at plaintiff's request, state the law of the case correctly, and are unexceptionable. *McKissock v. R. R. Co.*, 73 Mo. 456.

IV. All the instructions asked by defendant are

clearly wrong, in that they exonerate defendant's servants from any duty prior to the actual discovery of the stock on the track. If the stock could be seen approaching, although *not on the track*, it might be guilty of negligence.   *Young v. Hannibal & St. Jo. R. R.*, 79 Mo. 340 ; *Ib.* 207.

V.   The question of *fact* was whether defendant's servants saw the animals, or by the exercise of ordinary watchfulness *might have seen* them in time to have prevented the injury.   The jury found this issue in favor of plaintiff, and the evidence supports it.   *Hamilton v. Berry*, 74 Mo. 176 ; *Grove v. Kansas City*, 75 Mo. 672.

Opinion by PHILIPS, P. J.

This is an action to recover damages for injuries to plaintiff's mules, etc., alleged to have been carelessly inflicted by defendant's servants in managing and running a train of cars on its road.    The defendant has brought the case here on appeal.   We perceive no error in the instructions given by the court.   They present the whole case with exceptional fairness and clearness.   The only question presented here by appellant, deemed worthy of any consideration, is whether the evidence supports the verdict.

This objection is, we think, sufficiently answered by a reference to the evidence.    The evidence shows that at the place of this injury the defendant's road runs east and west, and that the train of cars which struck the animals was going west, and the time of day was between sunset and dusk.   It was light enough to see an object like a mule a quarter of a mile.    The public road at this point ran parallel with the track, at a distance of sixty or seventy feet apart.    The public road coming from the east crosses the railroad track from the north side to the south, then runs parallel with it between a quarter and a half of a mile, when it re-crosses the railroad track to the north side.   Plaintiff's evidence tended to show that as the train approached the eastern crossing a herd of mules and horses were near this crossing attempting to cross ; that a part of them did cross in front of the train, before

it reached the crossing. Those so crossing in front of the train, would have been necessarily in full view of the engineer and fireman on the locomotive engine. The evidence indisputably shows that as the train approached it whistled at this first crossing, whether to frighten the animals, as supposed by plaintiff's witnesses, or as a crossing signal, as stated by defendant's engineer and fireman. This, or the approach of the train, had the effect to frighten this stock, and send them on such a rate of speed west, parallel with the road, that they attracted the attention of several witnesses in the vicinity, one of whom thought it was a team running off. This stock had no means of escape from the public road, as it ran through a lane. So they ran forward, as their instinct led them, and as they attempted to cross at the west crossing, defendant's train ran into them, killing a mule and crippling two other animals belonging to the plaintiff.

The evidence also showed that the train was running at the rate of about twenty-five miles an hour, and that the engineer and fireman were well acquainted with the situation of this public road and the crossings. No effort appears to have been made to check up the train until the instant of the collision. So it is manifest that the single question is, was there any evidence from which the jury might reasonably infer negligence on the part of the servants of defendant, in charge of this train. If they, or any of them, saw this stock running between the two crossings, going west, it needs no citation of authorities to support the proposition that such fact should have put the engineer and fireman on their guard, and it was gross carelessness to have run the animals, thus frightened, down at the crossing. *Young v. R. R.*, 79 Mo. 340; *Kendig v. Ry. Co.*, 79 Mo. 207; *Edson v. R. R. Co.*, 40 Iowa 47.

There was certainly evidence on the part of the plaintiff from which a jury might reasonably infer that the engineer or fireman saw these animals running in the direction of this crossing. If they crossed in front of the train, as stated by one of the witnesses, at the east crossing, defendant's servants could not help seeing them, if,

they had their eyes open.   If it be conceded that this witness was mistaken in the distance at which the animals crossed in front of the train at the east crossing, there can be no doubt, if human testimony is to be credited, that these animals did run, almost from the east crossing, somewhat in front of and parallel with the train of the defendant, to the west crossing.   There was no obstruction between the track and the road to prevent a full view of this frightened, running stock.   Defendant's own fireman admits that he could see this public road from the engine.   We can well understand why the engineer, whose post of duty was on the right of his engine, from the public road, might not have seen these animals ; but it is quite incredible that the fireman, whose place is on the left side of the caboose, did not see them. He admits that he was then ringing the bell, and he was, necessarily, in full view of these escaping animals, but a short distance to his side and in front.

Every one else seems to have seen the fright and race but the engineer and fireman, whose duty it was to have seen them, if they were employing their eyes.   Whether they saw them or not, or whether they saw them in time to have prevented the injury, or whether they might have so discovered them had they been exercising their vigilance, which the law exacts, were peculiarly questions for the jury, to be answered from all the facts and circumstances in evidence.

It would place the injured party at great disadvantage if the companies should escape liabilities on the ground that as matter of fact their servants did not discover the peril to the stock in time to avert the collision. The very nature of their employment and the character of the machinery they use demands of them a high degree of care and vigilance.   They are expected to have their eyes open, and in the vicinity of road crossings, situated as these were, it is their duty to look out to see if stock are on or about the same.   And, therefore, the law is, that if by the exercise of this due care they would have discovered the danger in time to have averted the collision, they are just as culpable for not discovering it,

as if they had run down the animal wantonly after seeing it.

There was ample evidence to authorize the submission of this case to the jury on either theory, and the instructions were fair and appropriate. The judgment of the circuit court is, therefore, affrmed. All concur.