HILL, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

Division Two, May 8, 1894.

1. **Railroads**: KILLING STOCK: COMMON-LAW RIGHT OF ACTION. The statute for the recovery of single damages against railroad companies for the killing of stock (R. S. 1889, sec. 4428) does not provide for an exclusive remedy, but is cumulative and does not displace the common law in the situation to which it applies.

121  477
66a 185

121  477
70a 397

121  477
72a 246

121  477
80a 492

121  477
83a 133

121  477
84a 497

2. ————: ————: RECOVERY UNDER GENERAL ALLEGATION OF NEGLI-GENCE. *Held, arguendo,* that, under a general allegation of negli-gence on the part of a railway company in an action against it for single damages for the killing of stock, the plaintiff may succeed either by proving negligence at common law, or by proving the con-structive statutory negligence in failing to erect and maintain fences at a requisite place.

3. ————: ————: PLEADING: DETERMINATION OF CHARACTER OF ACTION. To determine whether a petition states a statutory or common law cause of action for the killing of stock by a railway company, it is necessary to consider whether, in order to recover under the petition, the plaintiff must prove the kind of negligence named in the statute, that is, the failure on the part of the railway company to erect and maintain a lawful fence, or whether he can succeed by proving what would be negligence at common law.

4. ————: NEGLIGENCE: PLEADING. It is a good and sufficient pleading of negligence at common law on the part of a railway company to set out and describe the acts done with a reasonable degree of particu-larity, and then allege that they were negligently done.

5. ————: ————: ————. Negligence in fact may consist of any number of negligent acts preceding the injury and leading up to it and contributing to it. In stating a cause of action therefor, the plaintiff is not obliged to select one of these acts and rely upon it. And *held,* in this action, which was one for the killing of stock by a railway train, the petition, which alleged in one count a number of negligent acts on the part of the railway company conducing to the injury complained of, stated but a single cause of action.

6. ————: KILLING STOCK: NEGLIGENCE IN FAILING TO DISCOVER SAME. In running its trains at places where its tracks are not fenced, and where animals are liable to stray upon its tracks, a railway company is under the duty of keeping a reasonable lookout for such animals. Accordingly, when stock thus straying upon its tracks is killed by one of its trains, the railway company is responsible therefor, if its employees could, by the exercise of reasonable care, have discovered the stock in time to have avoided injury thereto.*

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

, *John W. Booth* for appellant.

(1) At common law a person using dangerous instruments or mechanisms does so at his peril, and is

* These syllabi are taken from 49 Mo. App. 520.

responsible for any damages not caused by natural occurrences, or by the interposition of strangers. Wharton's Law of Negligence [1 Ed.], p. 716, sec. 851. (2) At common law a railroad company, though not bound to maintain fences sufficient to keep cattle off its line, is bound to use every reasonable care to prevent them from straying on the line, and when on the track, however negligently or unlawfully, if they are negligently run down, the road is liable. Wharton's Law of Negligence [1 Ed.], pages 749 and 750, sec. 886. (3) In those states where the English common law requiring the owner of cattle to fence them in is not in force, it is not negligence in the owner of cattle to permit them to stray at large. Hence cattle thus straying upon uninclosed lands are not trespassers. Wharton's Law of Negligence [1 Ed.], pp. 744, 745, 746, sec. 883. (4) The diligence to be exercised by an engineer in avoiding cattle on the road is such as would be exercised under such circumstances by good engineers having in view the safety of their trains. Wharton's Law of Negligence [1 Ed.], p. 755, sec. 894. (5) It is at common law, the duty of an engineer to watch the track in advance as far as he can consistently with his other duties; and where through neglect to perform that duty stock is run over, the railway company is liable in damages, even though the stock is on the track through the wrongful act or neglect of the owner. Wharton's Law of Negligence [1 Ed.], pp. 755, 756, secs. 895, 896, and note 3 to sec. 894, p. 755. (6) The foregoing rules of the common law are the law in this state. *Boggs v. Railroad*, 18 Mo. App. 274; *Wallace v. Railroad*, 74 Mo. 594; *Kendig v. Railroad*, 79 Mo. 207. (7) The decisions of the Kansas City court of appeals to the effect that with respect to cattle on the track at points where the company is not bound to fence, the duty of the company to use reasonable

care to avoid injury only arises when the cattle are discovered to be on the track (*Hoffman v. Railroad*, 24 Mo. App. 546, and *Welch v. Railroad*, 20 Mo. App. 477) are not well considered cases, and are not supported by the decisions of the supreme court. *Wallace v. Railroad*, 74 Mo. 594; *Kendig v. Railroad*, 79 Mo. 207. (8) The petition states a good cause of action. *LeMay v. Railroad*, 105 Mo. 361; *Shaw v. Railroad*, 104 Mo. 648; *Kellny v. Railroad* 101 Mo. 67; *Pope v. Railroad*, 99 Mo. 400; *Donaldson v. Butler Co.*, 98 Mo. 163; *Mack v. Railroad*, 77 Mo. 232; *Schneider v. Railroad*, 75 Mo. 295. (9) And there is no misjoinder of several causes of action, and there is no mingling in one count of several causes of action. *Minter v. Railroad*, 82 Mo. 128; *Mack v. Railroad*, 77 Mo. 232; *Braxton v. Railroad*, 77 Mo. 455; *Iba v. Railroad*, 45 Mo. 470; *Boone v. Railroad*, 20 Mo. App. 232. (10) The legal effect of section 4428 of the Revised Statutes of 1889, according to repeated decisions of the supreme court is not merely to give a statutory right of action, but to establish a legal presumption of negligence, available in a common law action for negligently running over and killing stock. *Minter v. Railroad*, 82 Mo. 128; *Mack v. Railroad*, 77 Mo. 232; *Braxton v. Railroad*, 77 Mo. 455; *Iba v. Railroad*, 45 Mo. 470; *Boone v. Railroad*, 20 Mo. App. 232.

*H. S. Priest* and *W. S. Shirk* for respondent.

(1) There was no error in sustaining respondent's demurrer. Plaintiff's petition is bad. It shows upon its face that any cause of action which plaintiff may have had, by reason of the facts alleged in said petition, was bound by the statute of limitations, applicable to such action. The petition was filed October 16, 1891. The cause of action attempted to be alleged arose

November 8, 1889, more than one year prior to the bringing of the suit. The time within which such action may be brought is limited by section 4429, Revised Statutes, 1889, to one year. (2) Where a petition on its face shows that the time in which the suit may be brought has elapsed, the defect may be reached by demurrer. *Henoch v. Chaney*, 61 Mo. 129, and cases cited; *St. Louis Gas L. Co. v. St. Louis*, 11 Mo. App. 55, on 64, and cases cited. (3) The enactment of section 4428, Revised Statutes, 1889, repealed the common law, as to all rights, actions and causes of action, coming within its provisions. *State v. Boogher*, 71 Mo. 631; *State v. Slaughter*, 70 Mo. 484. (4) The facts alleged in the petition bring it within the terms of section 4428, and, as that statute covers the whole ground, and furnishes a full remedy, the plaintiff is confined to his statutory remedy—the common law applicable to the facts being repealed, and the action must be brought within the time limited in such statute. Sedgwick on Stat. Law, 76; *State v. Bittinger*, 55 Mo. 596; *Young v. Railroad*, 33 Mo. App. p. 509; *Suckie v. Railroad*, 67 Mo. 245; *Wood v. Railroad*, 58 Mo. 109; *Collins v. Railroad*, 65 Mo. 230; *Edwards v. Railroad*, 66 Mo. 567. (5) The double damage act (R. S. 1889, sec. 2611) and section 4428, commonly called the single damage act, furnish a complete remedy for the killing or injury of an animal by being struck with cars or engines, under any possible state of facts, where such animal got upon the right of way at a point where the railway company is required to fence, or where it may lawfully fence. This case is wholly different from the case of *Boggs v. Railroad*, 18 Mo. App. 274. In that case the mule was not struck by the cars, but ran against a wire fence. There was then no statute which covered such a case. But at the time this cause of action arose, the

common law governing such a state of facts had long since been repealed. Sess. Laws, Mo. 1885, p. 92, now sec. 2612, R. S. 1889. See authorities to points 3 and 4. The petition is bad because it alleges two distinct causes of action in same count. *Hoffman v. Railroad*, 24 Mo. App. 546; *Welch v. Railroad*, 20 Mo. App. 477.

BURGESS, J.—This is an action for damages against the defendant for killing three horses belonging to the plaintiff. Defendant demurred to the petition which was sustained by the circuit court and plaintiff declined to plead further; judgment was rendered for defendant and plaintiff appealed to the St. Louis court of appeals where the judgment of the circuit court was reversed in an opinion rendered by THOMPSON, J. The case was then certified to this court because of a conflict in the opinion with the decisions of the Kansas City court of appeals in *Hoffman v. Railroad*, 24 Mo. App. 546; and *Welch v. Railroad*, 20 Mo. App. 477. The case is reported in 49 Mo. App. 520. The opinion of the St. Louis court of appeals, upon examination, is believed to be supported by both reason and the authorities cited, and its judgment should be affirmed. It is so ordered. All of this division concur.