JAMES T. WASSON, Respondent, v. JOHN J. McCOOK, Receiver of St. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 9, 1897.

1. **Railroads**: STOCK KILLED AT PUBLIC CROSSING: COMMON LAW NEGLIGENCE. In an action against a railroad for common law negligence in killing a cow within the switch limits of a town, at the intersection of its main street with defendant's road, to entitle plaintiff to a recovery, it was necessary for him to show that the killing was caused by the actual negligence of defendant. *Wallace v. R. R.*, 74 Mo. *loc. cit.* 597.

2. ———: PUBLIC CROSSING: REASONABLE CARE: INSTRUCTION. In such case, defendant was only required to exercise reasonable or ordinary care; and an instruction for plaintiff imposing upon defendant's servants the duty of *"great* care, diligence, and watchfulness" when approaching the crossing, was erroneous.

3. ———: NEGLIGENCE: EVIDENCE: INSTRUCTION. So was an instruction erroneous which directed the jury to find for plaintiff if the cow was killed by "gross and wanton negligence" of the persons operating defendant's train, when there was no evidence in the record warranting such instruction.

4. **Instruction.** An instruction asked by defendant, that if the engineer did not see the cow was in danger until within forty feet of her * * * and then could not stop the engine in time to prevent the injury, the jury should find for defendant, should have been made to read, "if the engineer was unable, by reasonable diligence, to see the animal until the train, going at thirty miles an hour, was within forty feet of her, and could not then stop the engine before the collision," and given, with the proviso that the accident was not caused by defendant's failure to ring the bell or blow the whistle.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED; Judge BLAND concurring, Judge BIGGS dissenting.

*L. F. Parker* and *J. T. Woodruff* for appellant.

This action being one for common law negligence, it was necessary for plaintiff to show that defendant was not only negligent, but that such negligence was the cause of the injury. *Wallace v. R. R.*, 74 Mo. 597.

The contention that the bell was not rung nor the whistle sounded is not warranted by the evidence. The most that can be said in favor of this contention is that those of the witnesses who testified on that point did not hear the bell, but all of them did hear the whistle. Because none of the witnesses heard the bell is not evidence it was not rung. *Cathcart v. R. R.*, 19 Mo. App. 113.

It is sufficient if either the bell is rung or the whistle sounded. R. S. 1889, sec. 2608; *Cathcart v. R. R.*, *supra; Summerville v. R. R.*, 29 Mo. App. 49; *Turner v. R. R.*, 78 Mo. 579.

The court erred in refusing defendant's instruction number 12. *Boyd v. R. R.*, 105 Mo. 371; *R. R. v. Mitchell*, 33 S. W. Rep. 622; *Fenton v. R. R.*, 26 N. E. Rep. 967; *Young v. R. R.*, 79 Mo. 336; *Castor v. R. R.*, 65 Mo. App. 359.

*Lyman W. White* for respondent.

The jury were warranted in finding defendant guilty of negligence. The bell was not rung nor the whistle sounded as required by law, and the rate of speed was such as to show a reckless disregard of the rights of others. The servants of defendant were under a duty of active vigilance, at this point, to keep a lookout to prevent injury to person or stock crossing there. *Hill v. R'y*, 49 Mo. App. 520.

The greatest diligence, watchfulness, and care is required to be observed by those operating trains in

towns and cities, especially over streets and other public places; and these duties they owe to everyone who has a right to use such public places in common with them. *Burger v. R'y*, 112 Mo. 238, at 246; *Isabel v. R'y*, 60 *Id.* 475.

While no rate of speed constitutes negligence *per se*, it does not follow that the railroad may at all times and places run its trains at any rate of speed. *Stepp v. R'y*, 85 Mo. 229.

BOND, J.—This is a suit against the receivers of a railroad company alleged to have been operating the corporation in their charge on the second of September, 1895, in Van Buren township, Newton county, Missouri, and to have negligently killed plaintiff's cow, of the value of $50. The action was brought before a justice, where a judgment by default was taken, and defendant appealed to the circuit court, where plaintiff filed an amended statement identical with the original, except that the value of the cow was alleged to be $75. On the trial in the circuit court plaintiff recovered judgment for $52.50, from which this appeal was taken.

The evidence tended to prove that the cow was killed by being struck by an engine within the switch limits of the town of Ritchey, a village of about two hundred inhabitants; that at the time of the accident the cow was crossing the track where the main street of the town intersects it; that the train was going at a speed of thirty or thirty-five miles an hour; that it whistled at the post, and again before the cow was struck. Plaintiff in his cross-examination describes the occurrence as follows:

" *Q.* Now where was this cow ? *A.* Before the train approached ?

"*Q*. Yes, sir. *A*. I did not see the cow until just before the train struck her.

"*Q*. What was she doing when you first saw her? *A*. She was going up onto the track.

"*Q*. Now, how far away were you? *A*. I was about one hundred and fifty feet.

"*Q*. How far was the engine from the cow at the time that you saw her go up onto the track? *A*. About forty or fifty feet.

"*Q*. Then the first time that the cow got onto the track the engine was only forty feet from her? At that time, and then it was that they whistled? *A*. I guess so.

"*Q*. They whistled as soon as the cow got onto the track, did they not? *A*. Yes, sir."

Plaintiff also testified that the engineer and fireman did nothing to stop the train, but threw the throttle open and swung themselves out on each side of the car. There was evidence tending to show that the cow was worth the amount recovered.

The law applicable to the cause of action and facts shown in this record is simple and well settled. The action is one for common law negligence. It is not

<span style="font-variant: small-caps;">Railroads: stock killed at public crossing: common law negligence.</span> brought under the statutes (R. S. 1889, secs. 2611–4428) giving double or single damages for injuries to stock. It is therefore necessary, in order to recover, for plaintiff to show that the actual negligence of the defendant caused the killing of the cow. *Wallace v. R. R.*, 74 Mo. *loc. cit.* 597. No presumption of negligence can arise in this case from the mere fact of the killing, nor can it be said, as a matter of law, that the rate of speed of the train was negligent, since there was no proof that it exceeded any limit prescribed by adequate authority. *Mahner v. R. R.*, 64 Mo. 267. As the place of the collision was a public crossing defendant

was only required, in addition to its statutory duties as to the ringing of the bell or sounding a whistle (R. S. 1889, sec. 2608), "to keep a reasonable lookout with the view of discovering any animals that may so stray upon its track in time to prevent running over and killing or injuring them." *Hill v. R. R.*, 49 Mo. App. *loc. cit.* 534; affirmed in 121 Mo. 477. If this was done and no animal appeared in a position of peril at the crossing until the train had reached forty or fifty feet of that point, the conclusion must follow that defendants are not guilty of negligence, unless by due care they could have stopped the train and prevented the accident after the cow was so discovered, or failed to comply with the statute requiring the bell to ring or the whistle to be sounded. The train in question was a through one, and there is no appliance known to science or in use by which it could have been checked within this distance. *Boyd v. R. R.*, 105 Mo. 371. As to the failure to ring the bell or sound the whistle the law is, that such omission when accompanied by the killing of stock at a crossing makes a *prima facie case* of liability. *Keim v. R. R.*, 90 Mo. 314; *Persinger v. R. R.*, 82 Mo. 196. It was competent, however, for defendants to show that their failure to comply with the statute in this respect did not cause the injury under the facts attending the accident, and if the jury so found, their verdict should have been for defendants.

Instruction number 1 given for plaintiff, imposed the duty of "*great* care, diligence, and watchfulness" for stock when approaching the crossing.

REASONABLE care: instruction. This was erroneous. Defendants were only required to exercise reasonable or ordinary care.

Instruction number 5 for the plaintiff told the jury they must find for him if the cow was killed by "gross

and wanton negligence." It is sufficient to say that there is no evidence in this record warranting such direction. It was therefore erroneous.

EVIDENCE: instruction.

Instruction number 12 asked by defendant which should read, that if the engineer was unable, by reasonable diligence, to see the animal until the train, going at thirty miles an hour, was within forty feet of her, and that he could not then stop the engine before the collision, should have been given, with the proviso that the collision was not caused by defendants' failure to ring the bell or sound the whistle, as prescribed in the statute.

INSTRUCTION.

The judgment will be reversed and the cause remanded. Judge BLAND concurs, Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—The uncontradicted evidence in this case tends to show that the animal was killed at a point where the only street in the town crossed the railroad track, and that persons and live stock frequently passed over the railroad at that point. Under this evidence the plaintiff asked and the court gave the following instruction, which my associates condemn:

"It was the duty of defendant's agents and servants in running and operating defendant's locomotive engine and cars, when approaching a public street or crossing in a town where people and stock are continually crossing, to observe great care, diligence, and watchfulness for persons or stock crossing the same; and if the jury find from the evidence that plaintiff's cow was killed by the defendant's locomotive engine at a public crossing in Ritchey, Missouri, where people and stock are continually crossing, then the defendant is responsible for the killing of plaintiff's cow if its servants and employees could, by the exercise of care

and diligence and watchfulness have discovered said
cow in time to have avoided the killing her."

This instruction, in my opinion, is unobjectionable.
The degree of watchfulness which the law imposes upon
a locomotive engineer in approaching a public street
or crossing depends upon where the crossing is. Thus,
in approaching a crossing in the country, especially
one that is seldom used, persons in charge of trains
are only required to exercise reasonable or ordinary
watchfulness for live stock. To this class belongs *Hill
v. Railroad*, 49 Mo. App. 520. But at the crossing of
a street in a city or town, especially if the street in the
latter is much used, the law imposes upon persons
operating a train, active and vigilant watchfulness.
To this class belong the cases of *Harlan v. Railroad*, 65
Mo. 22; *Isabel v. Railroad*, 60 Mo. *loc. cit.* 482; *Yarnall
v. Railroad*, 75 Mo. 575; *Hilz v. Railroad*, 101 Mo. *loc.
cit.* 53. It seems to me that my brother BOND has
failed to note and observe the rules applicable to the
two classes of cases.

The jury was told in the fifth instruction asked by
plaintiff that the defendant was liable if the cow was
killed by reason of the "gross and wanton negligence"
of the persons operating the train. Of course this
instruction does not state the rule accurately, but the
instruction was prejudicial to the plaintiff, and not to
the defendant. Therefore the latter can not complain.

As to the defendant's twelfth instruction the
majority opinion admits that it was incomplete in the
form in which it was asked, therefore it was properly
refused.

The evidence tends to show that the engineer failed
to observe the statutory signals in approaching the
crossing, and also that in the direction from which the
train was coming there was an unobstructed view of
the railroad track for one half mile, and that the cow

walked for some distance near the side of the railroad track before she reached the crossing, and that the train was running thirty or forty miles an hour, and that no attempt was made to check its speed. Under this evidence the recovery was a just one, and as there was no error committed at the trial, I am of the opinion that the judgment ought to be affirmed.