WILLIAM RILEY, Appellant, v. ST. LOUIS-SOUTH-WESTERN RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, May 8, 1900.

Petition, Sufficiency of: NEGLIGENCE: COMMON-LAW ACTION: INTENDMENT. Where a petition is vaguely and inartificially drawn, but alleges that defendant railroad company, at the limits of a railroad station and running 1,000 yards to a cattle guard, constructed a danger trap to which plaintiff's cattle were exposed, and that five of them were killed by an incoming train, it charges a cause of action for common-law negligence on the part of defendant in constructing its fences so as to expose errant cattle to danger of being caught by trains in this partial enclosure of defendant's line of railway.

Appeal from the New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Robert Rutledge* and *T. J. Brown* for appellant.

(1)   The court erred in instructing the jury to find for the defendant.   The cause should have gone to the jury on the evidence.   The circuit court tried this cause upon the theory that plaintiff must prove statutory negligence on the part of defendant in failing to erect and maintain fences at places required to be fenced by the statute, and that this was a place not required to be fenced by law, even to such distance as defendant might choose to leave open beyond the east end of the switch without regard to public necessity, and that plaintiff could not recover by proving negligence at common law.   Hill v. Railway, 49 Mo. App. 520.   (2)   The court erred in sustaining defendant's objections to the testimony offered by plaintiff to the effect that the fences and cattle guards were by defendant negligently constructed. Plaintiff's petition clearly states a cause of action at common law, and defendant did construct part, if not all, of the fences along its right of way, from the cattle guards west to the uninclosed lands, which served to fence its track and switch and form the dangerous pocket complained of; and the court erred in refusing to permit plaintiff to show that such fence and cattle guard was negligently constructed and maintained, and that it was negligence on the part of defendant to construct them at the places where they were constructed.   These were questions for the jury to determine. In the case of Texas & P. Ry. Co. v. Billingsly, 37 S. W. Rep. 27, the court says: "switch limits are not necessarily places which public necessity and convenience require should be left open and unfenced.   They may be so and they may

not be. Switch limits may extend far beyond the requirements of public necessity." Railway v. Billingsly, 37 S. W. Rep. 27; 2 Jaggard on Torts, pp. 928, 929; Donnegan v. Erhardt res., 7 L. R. A. 527.

No brief filed for respondent.

BOND, J.—The petition in this case is vaguely and inartificially drawn, but by reasonable intendment it alleges the creation by defendant of a *cul de sac* on its railroad beginning at the eastern limits of the station of Ristine and running east 1,000 yards to a cattle guard. It alleges that this construction created a danger trap to which plaintiff's cattle were exposed, and that five of them walked therein and were killed by a train coming from the west. It charges negligence on the part of the defendant in constructing its fences so as to expose errant cattle to danger of being caught by trains in this partial inclosure of defendant's line of railway. There was evidence tending to prove the killing of the cattle as alleged in the petition. Plaintiff also offered evidence bearing on the propriety and necessity for such a construction of fencing along its right of way by defendant, which was excluded over plaintiff's objection. At the conclusion of the trial the learned special judge sustained a demurrer to the evidence, and directed a verdict for defendant, from which plaintiff appealed.

Whether the petition in this case was sufficient to state a cause of action for double damages under section 1105 of the revision of 1899, or for single damages under section 2867 of said revision, need not be discussed. It certainly contained sufficient allegations from which a cause of action for common-law negligence might have been gleaned. Hill v. Railway, 49 Mo. App. loc. cit. 530; affirmed in 121 Mo. 477. If, therefore, the ruling of the lower court was based upon the insufficiency of the petition to state either of the

causes of action provided for in the foregoing statutes, still it was not warranted under the allegations of the petition setting forth a cause of action for common law negligence. If on the other hand the trial court rested its conclusion upon the theory that defendant was not required to fence any of the space between its cattle guard and the eastern limit of Ristine station on the ground that so much of its road bed and right of way was necessary for switching purposes, and that it could not be fenced without endangering the safety of the employees of the railroad, still this was a question for the jury upon the evidence bearing on the necessity for the appropriation of this portion of defendant's track for switching purposes, and the burden of establishing this defense rested upon defendant. Cox v. Railway, 128 Mo. loc. cit. 371. We have not been favored by a brief from respondent in this case, and we are at a loss to conjecture any other reasons for the peremptory direction to find for defendant. As these are clearly insufficient, the judgment in this case is reversed and the cause remanded.

Judge *Bland*, concurs; Judge *Biggs* absent.