GILPIN SPENCER, Respondent, v. MISSOURI KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 3, 1901.**

1. **Railroads: KILLING STOCK: STATION GROUNDS: NEGLIGENCE.** Where the servants of a railway company may and ought reasonably to anticipate that persons or stock may lawfully be upon the track, as for instance, station grounds, they are under a duty of active diligence to avoid accidents, and the company is liable for injuries resulting from the want of such diligence.

2. ———: ———: ———: ———: EVIDENCE. The evidence is reviewed and the defendant held liable under the rule.

3. ———: ———: FENCE LAW. A rule of diligence above mentioned is imposed upon the operators of railroad trains while approaching public crossings without regard to the fact that animals are required to be kept within inclosure.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday, Judge.*

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The liability of defendant in this case is confined to

a failure on the part of the engineer to use ordinary care to avoid the injury, after having discovered the animal in peril. And the burden of proving want of such care rests on the plaintiff. Hoffman v. Railroad, 24 Mo. App. 546; Brooks v. Railroad, 27 Mo. App. 573; Jewett v. Railroad, 38 Mo. App. 48; s. c. 50 Mo. App. 547; Wallace v. Railroad, 74 Mo. 594; Fitzgerald v. Railroad, 18 Mo. App. 391; Brick Co. v. Railroad, 21 Mo. App. 648; Buckman v. Railroad, 83 Mo. App. 129. (2) To entitle the plaintiff to recover in this case it was necessary for him to prove that the train could have been stopped with safety in time to have avoided the injury. Pryor v. Railroad, 69 Mo. 215; Wallace v. Railroad, 74 Mo. 594; Powell v. Railroad, 76 Mo. 80; Young v. Railroad, 79 Mo. 336; White v. Railroad, 20 Mo. App. 564; Buckman v. Railroad, 83 Mo. App. 129. In the case at bar, there was no evidence whatever on this subject. (3) The plaintiff must prove that the engineer saw the animal in a place of danger. Negligence can not be predicated on the mere fact that the engineer saw or might have seen the cow on or near the track. That alone would not require him to stop the train. Warren v. Railroad, 59 Mo. App. 367; Milburn v. Railroad, 21 Mo. App. 426; Young v. Railroad, 79 Mo. 336; Grant v. Railroad, 25 Mo. App. 227. (4) The stock law being in force in Boone county, there was no reason to anticipate the presence of stock on or near the track, and, therefore, no negligence in not discovering it. Campbell v. Railroad, 59 Mo. App. 156; Buckman v. Railroad, 83 Mo. App. 129; Hill v. Railroad, 49 Mo. App. 520.

*Curtis Haydon* and *Webster Gordon* for respondent.

(1) The rule announced and authorities cited in support thereof by appellant have no application to the case at

bar, for the reason this rule applies only to cases where stock get upon the track from an inclosed field or other places along the right of way properly fenced. At such places the servants in control of a train have no reason to anticipate that stock would get upon the track, and therefore, they are under no obligation to keep a vigilant watch. But it is otherwise here. Hill v. Railroad, 49 Mo. App. 520; Hill v. Railroad, 121 Mo. 477; Buckman v. Railroad, 83 Mo. App. 129, loc. cit. 133. (2) The undisputed testimony of witnesses shows that, when the cow got upon the track and the alarm signal was given, the train was a quarter of a mile away from her, and that she trotted up the track some two hundred yards before being struck by the train. (3) The question as to whether the cow was in a place of danger, and whether the engineer was guilty of negligence in not endeavoring to stop the train after he saw the cow, were questions properly for the jury. And they were in fact properly submitted by appellant's own instruction number seven. Igo v. Railroad, 38 Mo. App. 377; White v. Railroad, 20 Mo. App. 564; Kendig v. Railroad, 79 Mo. 207. (4) The duty imposed on an owner of stock to keep them inclosed is not in *pari materia* with the duty of the servants of a railway company to use reasonable diligence to avoid killing them when found upon its track at places where they may lawfully chance to be. Nor does the stock law relieve the company's agents, while operating trains, of the duty of keeping active vigilance.

BROADDUS, J.—This is an action to recover single damages for the value of plaintiff's cow, killed at a station on defendant's road in Boone county. The action is based upon the alleged negligence of the defendant's agents in failing to ring the bell or sound the whistle when the train entered the limits of the station; and failure to stop the train when

they saw or could have seen the cow, by the exercise of reasonable care, in time to have stopped the train and avoided the injury. The action was begun before a justice of the peace.

The evidence discloses a state of facts as follows: Sometime in the month of December, 1898, the plaintiff's cow was struck and injured on the defendant's railroad at the town of Wilton in Boone county; she had been, the morning previous to the injury, put into a field in the neighborhood, but by some means had escaped, and was seen shortly before the injury at a public crossing within the switch limits of the defendant's station, apparently licking salt that had been put upon the rails at that point to melt the snow and ice from them, and became alarmed at the approach of the train from the southeast and ran up the track in a northwesterly direction towards the depot before she was struck and thrown from the track. There was evidence tending to show that when the cow was on the crossing the alarm was rung by the engineer, whereupon the cow started to run towards the depot. Two of the witnesses stated that when they first saw the cow, she was not more than forty yards in front of the engine. One saw her when she first started to run from the crossing, at which time the engine was several hundred yards from the crossing, and at that time, he says, the alarm was being given. One witness stated that the county of Boone had adopted the fence law. The defendant at the close of the case asked the court, under the pleadings and evidence, to find for the defendant, which request was denied.

The principal contention is that the plaintiff did not make out a case for recovery. There is no dispute as to the amount of the judgment, if the plaintiff was authorized to recover. The instructions of the plaintiff are to the effect that, if the engineer in charge of the train saw the cow, or could have

seen her by the exercise of ordinary diligence, in time to have avoided the injury, the finding should be for it. The defendant claims that under the facts proved, its liability, at most, would begin after its agents saw the peril of the animal, and as there was no evidence that they saw the cow in time to avoid the injury, it is not liable.

In Hill v. Railroad, 49 Mo. App. 520, which was afterwards approved in 121 Mo. 477, the rule laid down as applicable to persons in the following cases was held to apply also to animals. See Harlan v. Railroad, 65 Mo. 22, and Dunkman v. Railroad, 95 Mo. 244. And the rule is stated thus: "Where the place is such that the servants of the railway company may and ought reasonably to anticipate that persons may lawfully be upon the track, as at a highway crossing or where the track is built upon a public highway or in a private coalyard intersected by railway tracks, and in other cases that might be supposed, then the rule is that the servants of the railway company are under a duty of active diligence, and that if by the exercise or ordinary care in the discharge of this duty they might have seen the killed or injured person on the track in time to have avoided killing or injuring him, and they nevertheless failed to do so, the company is liable."

It is true, the cow at the time she was struck was not on the crossing; but at the time she might have been seen (while she was on the crossing) by defendant's agents, by the exercise of ordinary care, was notice of her peril, and the further fact, that she left the crossing and was killed some distance therefrom will make no difference. The evidence not only tends to show that the defendant's agents could have seen the cow while she was on the crossing, but almost conclusively proves that they did see her while the engine was several hundred yards distant and in ample time to have prevented the injury. The evidence went to prove that the engineer saw her at the cross-

ing when at a distance of about four hundred yards and chased her nearly two hundred yards after she left the crossing before she was struck. There was ample proof, not only to show that the injury could have been prevented, but it tends strongly to show that the defendant's agents acted wantonly. The plaintiff's instructions are all in harmony with the views herein expressed.

There is nothing in the contention that the fence law being in force in the county of Boone, the defendant's agents operating its train were not required to anticipate the presence of stock on or near the track. The duty is imposed upon the operators of railroad trains to be on the lookout while approaching public crossings without reference to the fact that people are required to keep their animals within inclosed fences. As we have seen, this duty is imposed not only for the protection of animals but also of human beings.

This cause is affirmed. All concur.