SAMUEL K. BEALL, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY,. Appellant.

Kansas City Court of Appeals, December 1, 1902.

1. **Railroads: KILLING STOCK: STOPPING TRAIN: EVIDENCE.** In an action to recover damages for killing stock at a public crossing, if it is shown that the train could be easily stopped without endangering it after the engineer saw the cattle on or near the crossing, the plaintiff makes his case.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: VERDICT: APPELLATE PRACTICE. Where the question of plaintiff's contributory negligence is fairly submitted to the jury, the appellate court accepts the verdict as found.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*F. Houston* for appellant.

(1) Courts will not allow a verdict to stand when it is clearly contrary to the evidence and a manifest mistake—ignorant or willful. Borgraefe v. Knights of Honor, 22 Mo. App. 127; Doty v. Steinberg, 25 Mo. App. 328. Nor when it can only be accounted for on the ground that it was the result of bias, prejudice, ignorance, or misunderstanding. (2) "Where there is no opportunity for one party to become aware of the negligence of the other, and the injury is caused by the concurrent and co-operating negligence of both, it is well settled that no action will lie." Hudson v. Railroad, 101 Mo. 31-32; Corcoran v. Railroad, 105 Mo. 406; Beach, Contributory Negligence (last Ed.), pp. 180, 183.

*H. C. Wallace* and *Alexander Graves* for respondent.

(1) The evidence abundantly supports the verdict; and the action of the court regarding instructions was right. Buster v. Railroad, 18 Mo. App. 580; Kendig v. Railroad, 79 Mo. 208; Igo v. Railroad, 38 Mo. App. 378. (2) The appellant failed to establish the plea of contributory negligence. The question was fairly submitted to the jury by appellant's instructions and was found against appellant. Gratiot v. Railroad, 116 Mo. 459; Tabler v. Railroad, 93 Mo. 79; Norton v. Ittner, 56 Mo. 351; Huhn v. Railroad, 92 Mo. 440; Mannerman v. Siermest, 71 Mo. 101; Nagel v. Railroad, 75 Mo. 653; Keim v. Company, 90 Mo. 314; Raddy v. Railroad, 104 Mo. 235; Buesching v. Company, 73 Mo. 219; Petty v. Railroad, 88 Mo. 306; Blanton v. Dodd, 109 Mo. 65; Weller v. Railroad, 120 Mo. 635; McNown v. Railroad, 55 Mo. App. 591.

ELLISON, J.—This action is based on a claim for damages resulting from one of defendant's trains killing and injuring a lot of plaintiff's cattle at a public crossing in Lafayette county. The judgment in the trial court was for plaintiff.

It appears that plaintiff and two assistants were driving a number of cattle along the highway from Odessa to plaintiff's home when, as they were crossing defendant's railroad track, one of its passenger trains, running at about the speed of forty miles per hour, ran over several of the cattle. The negligence charged was that defendant's engineer saw the cattle, or could have seen them, in time to have avoided the collision. It was shown that there was a whistling-post eighty rods from the crossing and that the whistle was sounded at that point and that immediately thereafter the stock-alarm whistle was sounded and kept sounding up to the point of collision. It was further shown that the cattle could be seen approaching the crossing and so near thereto as to make it certain that they would be on the track at the time the train would get to the crossing. This, of itself, was sufficient on the point of the cattle being seen by the engineer. But there was other evidence of a more direct nature. It was then shown that the distance was such, considering the grade and the condition of the track, that the train could have been easily stopped without endangering the passengers. Buster v. Railway Co., 18 Mo. App. 581; Spencer v. Railroad, 90 Mo. App. 91. The showing of these things fully sustained plaintiff's case.

There is not much room shown for defendant's claim of contributory negligence; but however that may be, the question was fully submitted to the jury and we accept the verdict as final. McNown v. Railroad, 55 Mo. App. 591. No reason exists for interfering with the verdict and the judgment will therefore be affirmed. All concur.