B. C. ATTERBERRY, Appellant, v. WABASH RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, May 30, and November 28, 1904.

1. RAILROADS: Killing Stock. Negligence: Switch Limits. Where stock is killed within switch limits plaintiff must show that the negligent act of the railroad company was responsible therefor and no inference of negligence arises from the fact of the killing.

2. ————: ————: ————: Evidence. On an analysis and consideration of the evidence it is held that a train could not be stop-

ped without imperiling the persons and property thereon in time to avoid a collision with the animals after their entry upon the track.

3. ———: ———: **Separate Counts: Justices' Courts: Election.** In a justice's court plaintiff may unite counts for common-law negligence in operating its train and thereby killing his stock, and one count for the failure to ring the bell and sound the whistle and also one for failure to fence; but where the evidence will not permit a recovery on either count the plaintiff is not prejudiced by an order of the court compelling him to elect on which count he will proceed to trial.

### On Rehearing.

4. ———: ———: **Public Crossing: Jury Question.** A railroad is liable for injury inflicted at a public crossing if its servants saw or could have seen the cattle upon approaching in time to safely stop the train and then such question is for the jury.

5. ———: ———: ———: **Ringing Bell.** Plaintiff makes a prima facie case when he shows his animals were killed or injured by a train at a public crossing and that the bell was not rung or the whistle sounded; it then devolves upon the defendant to show that the failure was not the cause of the injury, unless this appears from plaintiff's evidence.

6. ———: ———: **Different Counts: Justices' Courts: Election.** Where common-law negligence failure to ring the bell and failure to fence are stated in separate counts in a statement before a justice for killing stock, it is error on appeal to compel plaintiff to elect on which count he will proceed to trial.

## Appeal from Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

REVERSED AND REMANDED.

*Joseph Park & Son* for appellant.

Buster v. Railway, 18 Mo. App. 578. (1) They (servants of the railroads) are expected to have their eyes open, and in the vicinity of road crossings, situated as these were, it is their duty to look out and see if stock are on or about the same. Spencer v. Railroad, 90 Mo. App. 91. (2) The fact that the cow left the crossing and was killed some distance therefrom will make no difference. Hill v. Railroad, 49 Mo. App. 520; Hill v. Railroad, 121 Mo. 477; Harlan v. Railroad,

65 Mo. 22; Beall v. Railway, 97 Mo. App. 111; Carr v. Upsdell, 97 Mo. App. 326. (3) Where the trial court sustains a demurrer to plaintiff's evidence, the reviewing court will view the evidence in the most favorable light for the plaintiff and make every reasonable intendment in his behalf to sustain a recovery. Shurmerhorn v. Herold, 81 Mo. App. 461; Cherry v. Railroad, 52 Mo. App. 499. (4) It is only where there is an entire absence of evidence tending to prove the material allegations of the petition, or the evidence is insufficient in law to support a verdict, that an instruction in the nature of a demurrer should be given. Russell v. Bancroft, 1 Mo. 662; Lee v. David, 11 Mo. 114; Boland v. Railroad, 36 Mo. 484; Alexander v. Harrison, 38 Mo. 258; McFarland v. Bellows, 49 Mo. 311; Chase v. Patch, 87 Mo. 450; Hunt v. Railroad, 89 Mo. 607; Lockhart v. Railroad, 89 Mo. App. 100; State ex rel. v. Elliot, 157 Mo. 609; Vermillion v. Parsons, 98 Mo. App. 72; Shoe Co. v. Prickett, 84 Mo. App. 94. (5) Plaintiff also makes a good case for failure to ring the bell and sound the whistle continuously from the eighty-rod post until it reached the crossing, and the court erred in sustaining defendant's motion to strike out, thus depriving plaintiff of his statutory grounds of recovery. Lockhart v. Railway, 89 Mo. App. 100.

*Geo. S. Grover* for respondent.

(1) The ruling on the motion to compel plaintiff to elect was proper, as it was a clear case of misjoinder, in express violation of the statute. Harris v. Railroad, 51 Mo. App. 125. (2) Under the undisputed facts in this case, the plaintiff was not entitled to recover. Wallace v. Railroad, 74 Mo. 594; Wasson v. McCook, 80 Mo. App. 483; Averill v. Railway, 72 Mo. App. 243; Wasson v. McCook, 70 Mo. App. 393; Castor v. Railway, 65 Mo. App. 359; Judd v. Railway, 23 Mo. App. 56; Milburn v. Railway, 86 Mo. 104.

SMITH, P. J.—This is a common-law action which was commenced by plaintiff against defendant before a justice of the peace to recover damages for the negligent injury by the latter of three cows, the property of the former.

The evidence tended to prove that the plaintiff's cows were injured within the switch limits of defendant's station at the village of Atlanta. When the defendant's train approached within about four hundred feet of the public crossing at that station the plaintiff's cows, twelve in number, were being driven east on a street leading over the crossing and were strung out for about seventy-five feet; the defendant's engineer sounded the whistle and continued to do so until it collided with the first cow, which had gone upon the crossing and stopped in the center of the track one-hundred feet ahead of the approaching engine. The other two animals went upon the track at from forty to eighty feet ahead of the approaching engine which struck and injured them. The steam was shut off on the engine when the last cow entered upon the track. The train, consisting of an engine, thirty-eight freight cars and a caboose, ran about four hundred feet after striking the last cow before it stopped.

The injury to plaintiff's cows occurring within defendant's switch limits at Atlanta, it devolved on plaintiff, in order to entitle him to a recovery, to show that the actual neligence of defendant was responsible therefor. In a case of this kind the law raises no inference of negligence from the mere fact that the plaintiff's cows were injured on defendant's track.

The defendant's servants in charge of its train discovered the plaintiff's cows approaching the track when it was four hundred feet away from the crossing where the collision occurred. They sounded the stock alarm sharply and continuously and to this it seems the plaintiff's cows paid no heed but proceeded to cross

the defendant's track. All the defendant's servants could do when they discovered said animals in the vicinity of its track headed towards it was to sound the stock alarm whistle. They had the right to presume that the cows on hearing this and seeing the approaching train would turn back, or at least deflect from their course, and when they discovered that the animals had paid no attention to the signals, but were bent on crossing the track, the train was then so close to them that it was impossible to stop it in time to avert the collision.

It does not appear from any evidence that the distance the cows were in advance of the train when first seen on the track, or about to go upon it, was such that defendant's trainmen could have stopped such train in time to have averted the fatal collision. The train was that of a heavy freight. It was not one that was required to stop at Atlanta. It was not at the time of the collision running at an unlawful rate of speed. There was no evidence which tended to show that defendant's trainmen after discovering plaintiff's cows entering upon the crossing could have stopped the train within the four hundred feet of intervening track. The steam on the engine was shut off before the cows that were struck by it went on the track, and notwithstanding this the train ran to where the last cow was struck and four hundred and fifty feet further on before it could be stopped, so that it would appear from this plain enough that the train could not have been stopped within the four hundred-feet distance between where the cows were discovered and where they were struck. It is almost a matter of common knowledge that a train consisting of a freight engine, caboose and thirty-eight freight cars running at an ordinary speed on a level track can not be stopped within a distance of four hundred feet.

A fair analysis and consideration of all the evidence has not convinced us that after the plaintiff's

cows were seen about to enter on defendant's track the latter's employees in charge of the train could have, without imperiling the persons and property intrusted to it for transportation, avoided the collision and consequent injury. In the light of the following cases cited in defendant's brief we think the demurrer to the evidence was by the trial court properly sustained. [Wallace v. Railway, 74 Mo. 594; Wasson v. McCook, 80. Mo. App. 483; Averill v. Railway, 72 Mo. App. 243; Wasson v. McCook, 70 Mo. App. 393; Castor v. Railway, 65 Mo. App. 359; Judd v. Railway, 23 Mo. App. 56; Milburn v. Railway, 86 Mo. 104.]

It may be observed that though it does not affirmatively appear from the evidence that either the bell was rung or the whistle sounded, as required by the statute, yet, as it is quite obvious that such failure was not the cause of the collision, the plaintiff was in no way prejudiced by the action of the court in requiring him to elect on which one of the several causes of action alleged in his statement he would proceed to trial. It is not believed that the ruling in Harris v. Railway, 51 Mo. App. 125, has any application to an action of this kind brought before a justice of the peace. Under the statute—section 3851, Revised Statute—in suits before a justice of the peace the plaintiff may unite as many causes of action as he may have, but causes of action founded upon contract shall not be joined with causes founded on trespass to the person or real or personal property. This is the only restriction imposed. No formal pleadings are required in such courts. In the present suit the plaintiff's statement or complaint was in three counts: in one, common-law negligence in operating the train was alleged; in another, the failure to ring the bell or sound the whistle; and in still another, the failure to fence at the place where the plaintiff's cows went upon defendant's track. No reason is seen why, under the statute, these three several causes of action could not have been

joined in one statement. It is, however, clear that there was no evidence to sustain either one of them, and, therefore, the action of the court in requiring the plaintiff to elect on which one of them he would proceed to trial was not prejudicial to him.

The judgment was, as we think, for the right party, and the only one that could have been given on any one of the counts of the statement. And, therefore, it must be affirmed. All concur.

## ON REHEARING.

ELLISON, J.—A rehearing was granted in this case and we are satisfied that under the later rulings of the Supreme and appellate courts of the State the plaintiff is entitled to have his cause submitted for a verdict on the facts as they may be believed to be. The law is that although the injury is inflicted at a public crossing the defendant is liable, either where its servants saw the cattle upon or approaching the crossing in time to have safely stopped the train, or where, in the use of due care and outlook, they *might* have seen them in time. [Hill v. Railroad, 49 Mo. App. 520; approved and adopted by the Supreme Court in 121 Mo. 477; Spencer v. Railroad, 90 Mo. App. 91; Beall v. Railroad, 97 Mo. App. 111.]

The Hill case was certified to the Supreme Court by the St. Louis Court of Appeals on the suggestion of Judge THOMPSON on the ground that it was in conflict with Welch v. Railroad, 20 Mo. App. 477, and Hoffman v. Railroad, 24 Mo. App. 546, decided by this court. Why the latter case was thought to be in conflict we cannot discern. In that case the stock got upon the track through an open gate leading to a farm crossing and, as stated by Judge HALL, "at a point where the defendant was not required to anticipate the presence of live stock."

Under the statute as it now reads (differing from what it was in Revised Statutes 1879, sec. 806) the plaintiff makes a prima facie case when he shows that his animals were killed or injured by a railway train at a public crossing and that the bell was not rung, or the whistle not sounded, as required by the statute. It then devolves upon defendant in order to exculpate itself to show that the failure to do so was not the cause of the injury; unless, of course, plaintiff's own evidence discloses that fact. [R. S. 1899, sec. 1102; Crumpley v. Railroad, 111 Mo. 152; Lloyd v. Railroad, 128 Mo. 595.] The statute reads that when one has suffered damage by an engine injuring or killing his stock, upon which engine "the bell shall not be rung or the whistle sounded," he may recover such damage of the railway company, unless *such company* shows that the failure to do so was not the cause of the injury; or, as just stated, it so appear in plaintiff's testimony.

We think it was prejudicial to plaintiff to compel him to elect at the opening of the trial on which count he would proceed. He did not intermingle several causes of action in one count.

The judgment is reversed and cause remanded. All concur.