F. J. WILKINSON et al., Respondents, v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 1, 1910.

1. RAILROADS: Negligence: Killing Stock: Failure to Stop Train: Prima Facie Case: Facts Stated. Defendant's railroad track was perfectly straight for three or four miles from the crossing at which plaintiff's stock were struck and killed, in the direction from which the train approached. The collision occurred in broad daylight, and the cattle could have been seen by the engineer probably a half mile ahead. About a dozen head of cattle were standing on the railroad right of way at a road crossing, when the train, consisting of a locomotive and about twenty freight cars, approached, running at about ten miles an hour. The engineer, when about one hundred yards from the crossing, sounded several blasts of the whistle, and then, instead of attempting to check the train, applied additional steam and increased the speed, resulting in killing and injuring several of the cattle. *Held*, to establish a prima face case of negligence.

2. ———: ———: ———: ———: Sounding Whistle: Statute Requiring, Cumulative of Common Law Duty. Compliance with Section 1102, Revised Statutes 1899, which affixes an obligation upon a railroad company to sound the locomotive whistle on approaching a road crossing, does not relieve the railroad company from its common law obligation to exercise ordinary care for stock on the track, after it saw, or by exercising ordinary care could have seen, them in time to have avoided a collision with them; the statute being merely cumulative of the common law obligation.

3. ———: ———: ———: ———: Animals on Public Road Crossing. Although animals are on a public road crossing, where the railroad company is not required to fence, the law affixes an obligation upon it to exercise ordinary care for the safety of such animals, after its engineer either saw, or by exercising ordinary care might have seen, them in a position of peril.

4. ———: ———: ———: ———: ———: **Constructive Negli-gence.** The known fact of a road crossing, where animals might rightfully go upon the track and should be expected, invokes the doctrine of constructive negligence, which results in affixing liability for a collision with animals, even though the engineer failed to see them, if by exercising ordinary care he could have done so and averted the injury by a reasonably careful use of the appliances at hand.

5. ———: ———: ———: ———: **No Evidence of Ability to Stop.** In an action for damages caused by a collision of a railroad train with live stock, brought on the theory the train could have been stopped in time to have averted the collision, after the perilous position of the animals was, or by the exercise of ordinary care could have been, discovered, where all the evidence affords an inference that the engineer might have seen the peril of the stock in time to have checked or stopped the train, it is sufficient, although there was no evidence to prove in what distance the train could have been stopped; and especially is this true in view of the fact the speed of the train was increased and no effort was made to stop it.

6. **DAMAGES: Evidence: Sufficiency of.** In an action for killing cattle at a railroad crossing, plaintiff recovered forty dollars damages. Proof showed that one of the animals was killed, and was of the value of thirty-five dollars. Plaintiff testified that another animal was injured and damaged to the extent of five dollars, but on cross-examination testified that he had never seen this animal, and only knew the extent of the injury from hearsay. Another witness testified that the animal injured was "crippled up a little." *Held,* that plaintiff's testimony that the animal was injured to the extent of five dollars not being objected to, was sufficient to sustain the amount allowed.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*S. H. West* and *Ralph Wammack* for appellant.

(1)   The collision occurred at a public crossing, and all the evidence shows that the whistle was repeatedly sounded, and hence plaintiff is not entitled to recover for failure to give the signals, required by the statutes.  Wasson v. McCook, 80 Mo. App. 483.  (2)  Mere

proof that the speed of the train was not checked, and that the cattle could have been seen a considerable distance from the crossing by the trainmen, does not establish defendant's negligence. Milburn v. Railroad, 86 Mo. 104. (3) There is substantial evidence in the record that the cow killed outright was worth $35, but there is no evidence in the record by which the court could ascertain the extent of the injuries inflicted on the cow that was crippled by the collision, and the assessment of five dollars on account of such injuries was a mere guess by the court, and is not supported by any competent or cogent testimony. Harrison v. Railroad, 88 Mo. 625; Cookman v. Nill, 81 Mo. App. 297; Dietrich v. Railroad, 89 Mo. App. 36.

*Boone & Lee* for respondents.

When plaintiffs established the fact that the defendant's agents saw or could have seen the cattle in time to avoid the collision, they made out a case. Beal v. Railroad, 97 Mo. App. 111; Hill v. Railroad, 49 Mo. App. 520; S. C., 121 Mo. 477; Atterberry v. Railroad, 110 Mo. App. 614; Spencer v. Railroad, 90 Mo. App. 91.

NORTONI, J.—This is an action for damages accrued to plaintiffs as a result of the killing and injuring of live stock through the alleged negligence of defendant in operating its locomotive and train of cars. Plaintiffs recovered and defendant appeals.

The action proceeds as for common law negligence. The particular breach of duty relied upon for recovery relates to the obligation of defendant to exercise ordinary care for the safety of plaintiffs' animals after its locomotive engineer either saw, or by the exercise of ordinary care might have seen, them in a perilous situation on its track. Although the occurrence took place at a point where a public highway crosses the defendant's railroad, the statute, section 1102, Revised Stat-

utes 1899, Ann. St. 1906, sec. 1102, affixing certain duties and obligations on the defendant with respect to sounding the whistle on approaching such crossings, is not relied upon, and the fact that the collision occurred on a public road crossing is material only in so far as it tends to enjoin an obligation on defendant's engineer to be on the lookout for persons and animals on or approaching the track at such places where they might rightfully go upon and cross the same.

The uncontradicted proof discloses that defendant's railroad consisted of a perfectly straight track for a distance of between three and four miles from the crossing in the direction from which the train approached. The track was level and the view open and clear. The collision occurred in broad daylight when the cattle could have been seen by the engineer probably a full half mile ahead. There were about a dozen head of plaintiffs' cattle standing upon the railroad right of way and track in the public road crossing when the train approached, running at a speed of about ten miles per hour. The train consisted of a locomotive and about twenty freight cars. A witness who stood a quarter of a mile distant from the scene gave testimony tending to prove that the perilous situation of the cattle on the track at the crossing was obvious and entirely clear to one on the approaching locomotive for a half mile distant. As tending to prove the engineer actually saw the stock, it appears, too, that he sounded several blasts of the whistle when the approaching locomotive was about a hundred yards distant from the point of collision. There is evidence to the effect that instead of attempting to check the speed of the train to the end of obviating a collision, the engineer applied additional steam about the time of sounding the whistle and increased its speed. These facts certainly tend to make a prima-facie case of liability against the defendant. This is true notwithstanding that it appears the engineer sounded the whistle upon approaching the road

Wilkinson v. Railroad.

crossing even though the proof as to the several blasts of the whistle is to be taken as a compliance with the statutory obligation in that behalf. The mere fact that the statute affixes an obligation upon the defendant company to sound the locomotive whistle on approaching a road crossing and that it appears a compliance therewith was had, in no manner relieves the defendant from its common law obligation to exercise ordinary care for the safety of plaintiffs' stock after it saw or, by exercising ordinary care might have seen, them in time to have avoided a collision therewith. Instead of repealing the common law obligation sued upon here, the statute is cumulative, to the effect of affixing an obligation in addition to that which obtained before. The common law right remains intact as of old. [Hill v. Mo. Pac. Ry. Co., 49 Mo. 520; Hill v. Mo. Pac. Ry. Co., 121 Mo. 477, 26 S. W. 576; Lloyd v. St. L. I. M. & S. Ry. Co., 128 Mo. 595, 31 S. W. 110.]

The principle of the common law on which the present action proceeds is that which enjoins upon every person an obligation to exercise ordinary care to the end of avoiding an injury to the person or property of another after a situation of peril appears. The principle is one of natural justice frequently acted upon. Although the plaintiffs' animals were on a public road crossing where it was not required to fence, the law affixes an obligation on the defendant to exercise ordinary care for their safety after its engineer either saw, or by exercising ordinary care might have seen, them in a situation of peril. The known fact of the road crossing, where cattle might rightfully go upon the track and should be expected, invokes the doctrine of constructive negligence which results in affixing liability on defendant for the injury even though the engineer failed to see the animals, if by exercising ordinary care to that end he could have done so and averted the injury by a reasonably careful use of the appliances at hand, considering the safety of the train and those on board

the same.   The precise question as to animals injured upon public road crossings has been several times affirmed, as will appear by reference to the following cases in point:   Beall v. C. & A. Ry. Co., 97 Mo. App. 111, 71 S. W. 101; Spencer v. M. K. & T. Ry. Co., 90 Mo. App. 91; Atterberry v. Wabash Ry. Co., 110 Mo. App. 608, 85 S. W. 114; see also Hill v. Mo. Pac. Ry. Co., 49 Mo. App. 520; Hill v. Mo. Pac. Ry. Co., 121 Mo. 477, 26 S. W. 576.

The engineer knew he was approaching the crossing of a public  road where persons or animals might rightfully go upon or cross the track.   The evidence tends to prove that by exercising ordinary care to that end he could have seen the plaintiffs' stock, about a dozen in number, standing upon the track and right of way adjacent, at the point where the public road crosses, and it affords the inference as well that he actually saw them a hundred yards distant and sounded the whistle as a stock alarm.   In these circumstances, it was his duty to exercise reasonable care to avoid the injury.   Instead of checking the speed of the train, it appears he applied more steam and thus enhanced the likelihood of collision.

It is true there is no evidence tending to prove in what distance the train could have been checked or stopped in safety, however all of the evidence affords an inference that the engineer might have seen the peril of the stock on the track in time to have checked or stopped the train, running on a level road at ten miles an hour, and this is sufficient, though no direct proof on this score is present.   Especially is this true when it is uncontroverted that the speed of the train was increased and no effort to stop was made.

The proof shows one of the animals killed was of the value of thirty-five dollars.   No complaint is made as to this.   The judgment was given for forty dollars. It is said thirty-five dollars of this amount covers the value of one animal and the remaining five dollars re-

lates to an injury inflicted upon another. The argument is advanced here that there is no proof whatever to support the item of five dollars damages for injury inflicted upon the injured animal which escaped death. It appears the plaintiff himself testified that this animal was damaged to the extent of five dollars but upon cross-examination, he said he had never seen the animal thereafter and only knew of the extent of the injury from hearsay. Another witness for him gave testimony to the effect that this animal was "crippled up a little." "She was crippled on the left hind leg, I believe." This is all of the proof touching the particular item of damage mentioned. It certainly shows the animal was crippled as a result of the collision. This being true, an inference is afforded that some damage ensued. The testimony of the plaintiff that the animal was damaged to the extent of five dollars, although hearsay, was received without objection and in these circumstances may be considered. The defendant introduced no proof whatever and the question seems not to have been controverted. This being true, very slight evidence will suffice on a matter of this kind. We regard that given as sufficient.

The judgment will be affirmed. It is so ordered. All concur.